The People *vs.* Stevens.

A party, who violates the provisions of the revised statutes in respect to excise and the *regulation of taverns and groceries,* may be *indicted* and *fined* for such violation, notwithstanding that he has been *sued* by the *overseers of the poor* of the town where the offence was committed, and the *penalty* prescribed by the statutes collected from him.

Where a statute creating an offence imposes a *specific penalty,* and also declares that the offence shall be a *misdemeanor,* punishable by fine and imprisonment, the offender is subject to indictment in like manner as he would have been had the offence been a misdemeanor at *common law.*

Error from the Monroe general sessions. The defendant was indicted in March, 1834, for having, in *October* previous thereto, at the town of *Parma,* in the county of Monroe, sold strong or spirituous liquors of a quanity less than five gallons and permitted the same to be drank in his house, *without having a license as a tavern keeper.* He pleaded, in bar of the prosecution, that on the 8th November, 1833, he was sued in a justice's court for the offences charged in the indictment, by the *overseers of the poor of the town of Parma,* in an action of debt for the *penalty* given by the statute, in which suit judgment was rendered against him for $25, and costs ; which judgment he averred he had paid, and that the same remained unreversed. The district attorney of Monroe *demurred* to the plea, and the court of sessions adjudged it bad, and sentenced the defendant to pay a *fine* of $100. The defendant sued out a writ of error.

*B. R. Wood,* for the plaintiff in error.

*Greene C. Bronson,* (attorney general,) for the people.

*By the Court,* Sutherland, J. The *fifteenth* section of that portion of the revised statutes, which treats " Of excise and the regulation of taverns and groceries," declares, that whoever shall sell any strong or spirituous liquors, or any wines, in any quantity less than five gallons at a time, without a license, shall forfeit $25. The *sixteenth* section imposes

a *like penalty* upon any person who shall sell or suffer to be sold any such liquors, or wines, to be drank upon his premises, without having obtained a license as a *taven keeper ;* and the *nineteenth* section provides, that such penalties shall be sued for by the overseers of the poor of the town where the offence is committed. 1 *R. S.* 677, *et seq.* The defendant below now contends, 1. That no indictment will lie for a violation of these sections of the act, because the offence was created entirely by the statute, which also imposes a specific penalty ; and 2. That subjecting the party to a penalty, and also to an indictment, is punishing him twice for the same offence. The answer to both these objections will be found in the 25th section of the act, which declares " that all offences against the provision of this title shall be deemed misdemeanors, punishable by fine and imprisonment."

Where a statute *creates a new offence,* by making that unlawful which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced. The offence in such case is not indictable. But where the act was an offence at common law, a cumulative sanction may be imposed by statute ; and in such case, the common law punishment is not excluded—either or both may be enforced. *Cro. Jac.* 644. 1 *Salk.* 45. 2 *Burr,* 803, *per Lord Mansfield.* In this case, although a specific penalty is imposed for a violation of these section of the act, the legislature have thought proper to declare that such violations shall *also* be deemed misdemeanors, and be punishable by fine and imprisonment. They stand upon the same footing as though they had been misdemeanors at common law, and the statute had then, in addition, imposed a penalty. 1 *Burr.* 543.

It is undoubtedly competent for the legislature to subject any particular offence, both to a penalty and a criminal prosecution ; it is not punishing the same offence twice. They are but parts of one punishment ; they both constitute *the* punishment which the law inflicts upon the offence. That they are enforced in different modes of proceding, and at different times, does not affect the principle. It might as well be

contended that a man was punished twice, when he was both fined and imprisoned, which he may be in most misdemeanors.