New trial granted.

NEW-YORK,<br>
May, 1836.<br>
Blatchley<br>
v.<br>
Moser.

---

## BLATCHLEY *vs.* MOSER & BARKERLOO.

An *indictment* ᶠ ·selling *spirituous liquors*, without licence as a tavern keeper, is no bar · n action for the *penalty* given by the statute in such cases.

In a suit by overseers of the poor for the recovery of the penalty, the character in which they sue may be proved by reputation.

In a justice's court, it is not necessary that the attorney for the plaintiff should produce a *written authority* to prosecute the suit.

The statute giving exclusive jurisdiction to the *municipal court* of Brooklyn to hear, try and determine all actions cognizable before a justice within the limits of the *village*, did not preclude the justices of the county to try a *transitory action* of which they had jurisdiction, although it arose within the bounds of the village, provided the place of trial was not within such bounds.

ERROR from the Kings common pleas. Moser and Barkerloo, as overseers of the poor of the town of Brooklyn, sued Blatchley in a justice's court to recover a penalty of $25 for *selling spirituous liquors* to be drank in his house, without having obtained a licence as a tavern keeper. The defendant pleaded the general issue. On the trial of the cause the offence was proved, and that the defendant had not a tavern licence. It was admitted that he had been *indicted* for the same offence previous to the commencment of this suit, and that the indictment was still pending. This he relied on in bar of a recovery, but the justice decided it was no bar. The

NEW-YORK,
May, 1836.

Blatchley
v.
Moser.

defendant also insisted that the justice had not jurisdiction of the cause, because the offence had been committed *within the bounds of the village* of Brooklyn, and the *municipal court* of Brooklyn had exclusive jurisdiction of all actions cognizable before a justice, within the limits of the village. In answer to which it was proved that the place where the court was held, although in the *town* of Brooklyn, was not within the bounds of the *village*, and the objection was overruled. The defendant, after the evidence had been given in, objected to the summons as not endorsed according to the requirements of the statute in such cases, and also to the sufficiency of the declaration; which objections were also overruled. He objected also to the sufficiency of the evidence proving the *character* in which the plaintiff sued, viz. as overseers, the proof being general reputation; which objection was also overruled. Another objection was, that the attornies who appeared for the plaintiffs had not produced a *writen authority* to appear; which was also overruled. The cause was tried by a jury, who found a verdict for the plaintiffs, upon which the justice rendered judgment. The common pleas of Kings *affirmed* the judgment. The defendant sued out a writ of error.

*N. Chase,* for plaintiff in error.

*N. F. Waring,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. The points made by the plaintiff in error, that the process and declaration are defective in form, should have been taken before the justice before joining the issue. They came too late after the plaintiffs had rested their cause. The declaration is certainly good in substance, and it is now unnecessary to examine the form.

It is objected that the defendant was indicted for the same offence, and that such indictment was a bar to this suit. The authority relied on to maintain this point is *The Commonwealth* v. *Cheney,* 6 *Mass.R.* 347,8. The statute of that state, as stated in the report, is, " That if any person shall sell any mixed liquors, part of which is spirituous, without licence, he shall forfeit for each offence a sum not exceedig six nor less than two

pounds—one half to the informer, the other half to the county, *unless the offence is prosecuted by the grand jury, when the whole forfeiture shall be for the use of the county."* Upon this statute, Ch. J. Parsons says, "The offender may be prosecuted either by indictment or by an information *qui tam;* and whichever prosecution is first commenced, to that shall the offender answer, and he is not liable to answer afterwards to the other." Our statute is very different. The 16th section, 1 *R. S.* 680, declares, " Whoever shall sell any strong or spiritous liquors or wines to be drank in his house, &c. or shall suffer any such liquors or wines sold, &c. to be drank in his house or shop, &c. without having obtained a licence therefor as a tavern-keeper, shall forfeit twenty-five dollars." The 25th section is as follows: "All offences against the provisions of this title shall be deemed misdemeanors, punishable by fine and imprisonment." There is no connection between these two sections. The penalty under the 16th section must be sued for by the overseers of the poor of the town §19, & 630, §66. The fine under the 25th section belongs to the county for general purposes—the one may be said to be a private remedy, the other a public one for the same offence; and this surely is nothing new. By the statute of Massachusetts, an informer might prosecute, *unless* the defendant was indicted—clearly implying that if the defendant was indicted, he should not be subject to a prosecution by an informer; but under our statute the offender is liable under both sections, in the same manner that a person guilty of an assault and battery is liable to the individual and to the public. In *Tiffany* v. *Driggs,* 13 *Johns. R.* 253, it is said that a recovery for a penalty shall be a bar to all prosecutions for offences of the like nature committed *before* such recovery. The court there adopted the language of the 18th section of the statute of 1813, 1 *R. L.* 181 ; but no such section is found in the revised statutes under which these prosecutions have been commenced. The 18th section of the law of 1813 has not been re-enacted, and was with the statute itself repealed. That a party offending against the statute can be proceeded against both by *action* and indictment, was decided by this court in *The People* v. *Stevens,* 13 *Wendell,* 341.

The proof óf the *character* of the plaintiff was sufficient. So also of the authority of the attornies to appear for the plaintiffs.

As to the objection that the justice had no jurisdiction, because the municipal court has by statute, *Sess. Laws of* 1827, *p.* 145, §48, " exclusive jurisdiction in the said village to hear, try," &c. The provision of the statute excludes any justice from holding a court *within the village,* but surely does not take away the general jurisdiction of the justices of the county from trying any *transitory action* within their jurisdiction, and holding their courts within their own towns ; which they may still do, except *in thé village of Brooklyn.* The court in this case was not held within the village.

Judgment affirmed.