THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN G. HISLOP v. GEORGE W. COWLES, County Jugde of Wayne County.

*Excise law — chapter 628 of 1857 — violation of section 18 not a misdemeanor.*

One who sells or gives away strong or spiritous liquors or wines, to an intoxicated person, in violation of section 18 of chapter 628 of 1857, is not guilty of a misdemeanor, nor is he liable to imprisonment therefor; he is subject only to a fine of not less than ten nor more than twenty-five dollars.

CERTIORARI to review proceedings upon the return to a writ of *habeas corpus*, had before the county judge of Wayne county. Section 18 of chapter 628 of 1857 reads as follows:

"§ 18. Whoever shall sell or give away any strong or spiritous liquors or wines, or shall suffer any such liquors or wines to be sold or given away, under his direction or authority, to any intoxicated person, shall be subject to not less than ten or more than twenty-five dollars for each offense."

The question presented was whether a violation of this section was a misdemeanor.

*Charles McLouth*, for the relator.

*M. J. Greenwood*, district attorney, and *S. B. McIntyre*, for the defendant.

Mullin, P. J. :

The relator was arrested and brought before the police justice of the village of Palmyra, charged with selling and giving to one George O. Rannie, an intoxicated person, strong and spirituous liquors, in violation of § 18 of chapter 628 of the Laws of 1857.

He pleaded guilty to the charge, and the justice, sitting as a court of Special Sessions, sentenced the said Hislop to pay a fine of $25, and to stand committed to the jail of said county of Wayne until said fine was paid, and to be imprisoned in said jail for the term of twenty days.

A writ of *habeas corpus* was issued by the county judge of the county of Wayne, on the application of said Hislop for a writ of *habeas corpus*, on the ground that his imprisonment was illegal because the offence charged, and to which he pleaded guilty, was not a criminal offence for which he could be imprisoned, and because the police justice of Palmyra had not legal authority to cause him to be arrested or to try and convict him, and the prisoner was brought before, the county judge in obedience to it, and after hearing the counsel for the petitioner and the district attorney of said county, the prisoner was remanded to the county jail for the residue of the term of imprisonment to which he was sentenced.

The petitioner then applied for a *certiorari* to review the proceedings before the county judge, on the writ of *habeas corpus*, and to the writ the county judge has made a return setting forth the proceedings had before him on the *habeas corpus*.

Having arrived at the conclusion that the prisoner was not guilty of a criminal offence, for which he could lawfully be imprisoned, I have not examined the question as to the jurisdiction of the police justice of Palmyra.

Until the passage of the act of 1857, above referred to, it was not unlawful to sell or give to an intoxicated person strong or spirituous liquors.

The following propositions are well settled, and have never, as I can discover, been questioned, viz. :

First. When a statute creates a new offence by making that unlawful which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced. The offence in such case is not indictable. (*People* v. *Stevens*, 13 Wend., 341; *People* v. *Brown*, 16 id.; 561; *Behan* v. *People*, 17 N. Y., 517; *Foote* v. *People*, 56 id., 331.)

Second. When an act is prohibited, which has never been prohibited before at common law or by statute, and a penalty is affixed for its violation, and the manner of collecting it is pointed out, no other or different penalty exists, and no indictment will lie. (*Rex* v. *Wright*, 1 Burrows, 543; *Rex* v. *Robinson*, 2 id., 803.)

We have then, first, a prisoner charged and convicted for an offence unknown until the passage of the act of 1857; second, a penalty imposed by the statute creating the offence, viz. : a fine of not less than ten dollars nor more than twenty-five dollars ; and, third, the persons designated by whom the penalty shall be enforced, and the disposition to be made of it when collected.

The act of 1857 does not make the offence of which Hislop was convicted a misdemeanor ; nor is there any provision in that act authorizing the arrest or imprisonment of the accused unless it follows from provisions of some other act as a means of enforcing the penalty.    It is suggested by the district attorney that violations of the excise law have uniformly been held to be misdemeanors, and indictable and punishable as such, although the statute creating offences may not have declared the offence to be a misdemeanor.    It may be as claimed by the counsel, but I am unable to find a case in which that proposition has been decided, where the offence was a new one, and the statute merely imposed a penalty and provided a remedy for its collection.

Under section 29 of the act of 1857, which requires the courts to instruct grand jurys to inquire into all offences against the provisions of said act, it might have been held that violations of section 18 of the act were misdemeanors and indictable as such, and it may have been that the Legislature intended so to provide.    But the Court of Appeals, in the case of the *People* v. *Foote* (*supra*), hold that the clause of the section cited applies only to adulterating,

imported or other intoxicating liquors, selling the same, and knowingly importing or selling adulterated, intoxicating liquors or wines.

The imprisonment of Hislop was illegal ; and he was entitled to be discharged therefrom.

The proceedings before the county judge are, therefore, reversed, and the prisoner discharged.

Present — Mᴜʟʟɪɴ, P. J., Tᴀʟᴄᴏᴛᴛ and Sᴍɪᴛʜ, JJ.

Proceedings on *habeas corpus* reversed, and the prisoner discharged.