THE PEOPLE OF THE STATE OF NEW YORK, Respond-
ENT, v. CHARLES H. ROHRS and Others, Appellants.

*Judgment in a criminal proceeding, not evidence in a civil action between the same parties to recover a penalty.*

In this action, brought against the defendants to recover penalties, under the act of 1885 to prevent deception in the sale of dairy products, the defendants offered to prove that the defendant Rohrs had been tried for the offense charged in the complaint in the Court of Special Sessions and acquitted.

*Held,* that such offer was properly rejected; that the people were not estopped, in this civil action for the penalty, by the result of the criminal proceedings instituted against Rohrs.

That as, if Rohrs had been found guilty in the criminal action, the record in such action would not have been evidence against him in this action, there was no mutuality and consequently no estoppel could arise therefrom

A verdict or judgment in a criminal case cannot be given in evidence in a civil action to establish the facts upon which it is rendered

Appeal by the defendants from a judgment entered upon the verdict of a jury, rendered by direction of the court.

*Albert Reynand,* for the appellants.

*Edward B. Thomas* and *William P. Quin,* for the respondent.

Per Curiam :

The defendants in this action were sued to recover penalties under the act of 1885, entitled "An act to prevent deception in the sale of dairy products." The act provided that whoever violated its provisions should be guilty of a misdemeanor and be punished by fine or imprisonment, and, in addition, should forfeit and pay a fixed penalty of $500. The defendants offered to prove that the defend-ant Rohrs had been tried for the offenses charged in the complaint in the Court of Special Sessions and acquitted. This offer was rejected and exception taken.

The parties to the criminal proceeding were the People, the plaintiffs in this action, and Rohrs, one of the defendants in this action. The question litigated in the criminal proceeding was whether or not Rohrs had violated the statute. It was judicially determined that he had not so done. It would seem, therefore, that the very question to be tried in this action had already been litigated

between the parties, and determined in the defendant Rohrs' favor The difficulty, however, in holding that the result in the criminal proceeding estopped the People from trying the question of Rohrs' violation of the statute in this action, arises from the fact that if Rohrs had been found guilty in the criminal action, the record in that action would not have been evidence against Rohrs in this action, and, therefore, because of the want of mutuality, no estoppel can arise. Greenleaf (vol. 1, § 524) lays down this rule with great distinctness. In section 537 he also lays down the rule that a verdict and judgment in a criminal case cannot be given in evidence in a civil action to establish the facts upon which it is rendered, and among other grounds why a verdict of acquittal, in a criminal case, should not be received as evidence in a civil case, he suggests that the verdict might have been rendered by collusion with the public prosecutor, a somewhat insufficient reason, as the public prosecutor is presumed to do his duty.

In Philips on Evidence the rule is also laid down that the record in a criminal case is not evidence in a civil case, because of the want of mutuality. In both of these writers, however, one of the strong grounds relied upon is the fact that the parties to the two actions are not the same, a ground inapplicable to the case at bar. The fact, however, that there is a want of mutuality still exists, and this seems to be an answer to the appellant's claim.

The objection that the court erred in taking the case from the jury and directing a verdict is not well taken, because the defendants, at the trial, made no claim that there was any question to be submitted to the jury, but, on the contrary, insisted that there was not, by claiming that the court should direct a verdict in favor of the defendants.

The exceptions which have been brought to our attention by the appellant upon his points not being well taken, the judgment appealed from must be affirmed, with costs.

Present — Van Brunt, P. J., Brady and Daniels, JJ.

Judgment affirmed, with costs.