THOMAS J. ROLLINS, AS GAME CONSTABLE OF THE TOWN OF McDONOUGH, NEW YORK, RESPONDENT, *v.* MERRITT BREED, APPELLANT.

*Fishing out of season — the imposition of a fine in a criminal prosecution is not a bar to a civil action for a penalty.*

Section 21 of chapter 534 of the Laws of 1879, as amended by chapter 619 of 1887, forbids the catching of black bass in any waters of the State between January first and May thirteenth, and provides that "any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and, in addition thereto, shall be liable to a penalty of ten dollars for each fish;" that all penalties imposed by the act may be recovered by any person in his own name, and that any judgment recovered can be enforced by execution against the person of the defendant; that any person who shall be found guilty of a misdemeanor, under any of the provisions of the act, shall be punished by a fine or by imprisonment in the county jail or penitentiary, or by both such fine and imprisonment, in the discretion of the court.

In an action, brought to recover penalties for catching black bass in Genegantslet lake, in violation of said act, a judgment was rendered by a justice of the peace imposing a penalty of ten dollars; although it appeared that upon the same date

that the summons in the action was served the defendant was arrested upon a warrant issued by the same justice, upon the complaint of the game constable, for a misdemeanor for a violation of the said act; pleaded guilty and was fined five dollars, which he paid.

The defendant claimed that criminal prosecution was a bar to the recovery of the penalty.

*Held,* that the enforcement of the fine, upon the conviction of a misdemeanor, was not a bar to the recovery of the penalty in a civil suit.

*People* v. *Stevens* (13 Wend., 341) followed; *United States* v. *McKee* (4 Dillon, 128); *Coffey* v. *United States* (116 U. S., 436) distinguished.

APPEAL by the defendant from a judgment of the Chenango County Court, in favor of the plaintiff, which was entered in the office of the clerk of the county of Chenango on the 14th day of June, 1889, affirming a judgment rendered by a justice of the peace of Chenango county.

*George W. Marvin,* for the appellant.

*James W. Glover.* for the respondent.

MERWIN, J. :

By section 21 of chapter 534 of the Laws of 1879, as amended by chapter 619 of 1887, it is provided, among other things, that between the first day of January and the thirteenth day of May, no person shall catch or kill any black bass in any waters of the State, excepting certain named localities not important here, and that " any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of ten dollars for each fish." By section 33 it is provided that all penalties imposed by the act may be recovered by any person in his own name, and any judgment recovered . be enforced by execution against the person. By section 34 it is provided that any person who shall be found guilty of a misdemeanor under any of the provisions of the act, " shall, upon conviction, be punished by a fine of not less than five dollars, nor more than at the rate of one dollar for every dollar of the penalty provided by the section so violated when the same exceeds five dollars, or by imprisonment in the county jail or penitentiary for a period of not less than five days, nor more than at the rate of one day for every dollar of any such penalty, or by such fine and imprisonment, in

the discretion of the court." Provision is made by section 38 for the election of game constables, and it is made their duty, after reliable information, to prosecute all violators of the act; and they are to receive a compensation for such services, the same as is allowed by law for like services to constables of towns, and also one-half of all penalties recovered.

In the present case the justice rendered a judgment for a penalty of ten dollars. The evidence warranted the conclusion of the justice that the defendant had violated the act, and, therefore, was liable for the penalty, unless there was something else that would relieve him. In this view it was alleged and shown that, upon the same day that the summons in the action was served, the defendant was arrested upon a warrant issued by the same justice upon complaint of the game constable, for a misdemeanor for a violation of the act referred to, being the same acts complained of in the action for the penalty; that on such warrant the defendant was brought before the justice and plead guilty and was fined five dollars, which he paid. The claim of the defendant is that this criminal prosecution is a bar to the recovery of the penalty. To uphold this claim, the case of *United States* v. *McKee* (4 Dillon, 128) is mainly relied on. That was an action based on section 3296 of the United States Revised Statutes, to recover the penalty of double the amount of taxes on distilled spirits, out of which the plaintiff alleged it was defrauded by means of conspiracy entered into for that purpose by the defendants and others for the unlawful removal by the distillers of said spirits without the payment of taxes.

The defendant plead that he had been indicted, convicted and punished for the same offense under section 5440 of the Revised Statutes, being sentenced to pay a fine of $10,000 and to imprisonment for two years. He also plead a pardon. Upon demurrer the pleas were held good, it being said that if the specific acts of removal on which the suit is brought are the same which were proved in the indictment, the former judgment and conviction is a bar. Section 5440 is a general provision applicable to any conspiracy to commit any offense against the United States, or to defraud the United States in any manner, and making all the parties to the conspiracy liable to a penalty of not less than $1,000 and not more than $10,000, and to imprisonment not more than two years. Section 3296 is

specific, having reference to the removal, contrary to law, or concealment of any distilled spirits on which the tax has not been paid, and provides for a penalty of double the tax imposed and a fine of not less than $200 or more than $5,000, and imprisonment not less than three months, nor more than three years. The McKee case was referred to in *Coffey* v. *United States* (116 U. S., 436), where it was held that a judgment of acquittal on a criminal information against the defendant, based on certain sections of the Revised Statutes, was conclusive in favor of the defendant in an action brought under the same section for the forfeiture of certain goods, the same violations of law being alleged in both. It was an adjudication of the innocence of the defendant.

The McKee case differs somewhat from the present one. There there were two separate statutes, each furnishing a complete remedy for the charge. The government chose to enforce one and it might be well said that a conviction and punishment under that ended the right of the government. Here there is but one statute and the complete remedy contemplated by it includes the penalty as well as the punishment as for a misdemeanor. A similar provision is in many of our State statutes, notably in the excise acts. (Chap. 628 of 1857; 1 R. S., tit. 9, chap. 20, pt. 1.) The latter act provided for specific penalties for divers violations, and also provided (§ 25) that all offenses against the provisions of the title should be deemed misdemeanors punishable by fine and imprisonment. The *People* v. *Stevens* (13 Wend., 341) was the case of an indictment against the defendant under that statute for selling strong or spirituous liquors in quantity less than five gallons, to be drank at his house, without having a license as a tavern-keeper. The defendant plead in bar that he had been previously sued for the same offenses by the overseers of the poor in an action of debt for the penalty given by the statute, in which suit judgment was rendered against him for twenty-five dollars and costs, which he had paid. This was held to be no defense. The court said: " It is, undoubtedly, competent for the legislature to subject any particular offense, both to a penalty and a criminal prosecution; it is not punishing the same offense twice. They are but parts of one punishment; they both constitute *the* punishment which the law inflicts upon the offense. That they are enforced in different modes of proceeding, and, at different

times, does not affect the principle. It might as well be contended that a man was punished twice, when he was both fined and imprisoned, which he may be in most misdemeanors." In *Blatchley* v. *Moser* (15 Wend., 215) it was held that an indictment, under the twenty-fifth section above referred to, for selling spirituous liquors without a license as a tavern-keeper, is no bar to an action for the penalty given by the statute in such a case, it being said by SAVAGE, Ch. J., that the offender is liable, under both sections, in the same manner that a person guilty of an assault and battery is liable to the individual and to the public. (See, also, *People* v. *Brown*, 16 Wend., 561.)

In *People* v. *Shea* (3 Parker, 562), the power of the legislature to punish an act as a misdemeanor, in addition to imposing a penalty, is recognized, and so it was, impliedly, in *Behan* v. *The People* (17 N. Y., 516); *Foote* v. *The People* (56 id., 321); *The Mayor, etc.* v. *Hyatt* (3 E. D. Smith, 156); *People* v. *Waterbury* (44 Hun, 496). In *Morris* v. *The People* (2 T. & C., 219), it is said by Justice PLATT POTTER that it is well settled that offenses under the excise act were misdemeanors and indictable, notwithstanding the offender may have been sued in a civil action and the penalty collected.

The rule laid down in *People* v. *Stevens* seems to be well established and is directly applicable to the present case. Under that rule, the enforcement of either branch of the punishment or remedy would be no bar to the enforcement of the other. It follows that the judgment appealed from is correct, and should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment of the County Court of Chenango county, affirming a justice's judgment, affirmed, with costs.