(90 App. Div. 422.)

### PEOPLE v. SNYDER et al.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1904.)

1. JUDGMENT—CONVICTION OF CRIMINAL OFFENSE—ACTION FOR PENALTY—BAR.

Laws 1900, p. 66, c. 20, § 229, prohibits the burning of fallows during certain periods of the year, and prescribes that any person violating the section "is guilty of a misdemeanor, and in addition thereto is liable for a penalty." Code Civ. Proc. § 1899, provides that civil and criminal prosecutions do not merge. Held, that an acquittal in a criminal prosecution for violation of section 229 was not a bar to an action by the people for the penalty prescribed.

**2. SAME—PREVIOUS CONVICTION.**
Where a statute punishes an act as a misdemeanor, and also imposes a penalty therefor, it is not necessary to obtain a conviction before suing for the penalty.

Williams and Stover, JJ., dissenting in part.

Appeal from Special Term, Lewis County.

Action by the people of the state of New York against Adelbert Snyder and another. From a judgment dismissing plaintiff's complaint as to defendant Snyder, and from an order denying a new trial on the minutes, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. S. Mereness, for the People.
Ryel & Merrell, for respondents.

SPRING, J. The defendant and one Van Aernam were sued for a penalty in burning a fallow in violation of section 229 of the forest, fish, and game law. Chapter 20, p. 66, Laws 1900. The record shows that the defendant Snyder had been indicted, tried, and acquitted for the same acts which constituted the cause of action. Upon the presentation of the record of acquittal the complaint was dismissed as to him, and the jury acquitted Van Aernam. The people appeal only from the judgment of dismissal, and the single question up for review is whether the judgment of acquittal is a bar to the action by the people to recover the penalty which the section provides.

Section 229, after prohibiting the burning of fallows, stumps, etc., during certain periods of the year, prescribes: "Any person violating any provision of this section is guilty of a misdemeanor, and in addition thereto is liable for a penalty of three hundred dollars." Two distinct remedies are allowable against one violating the provisions of this section of the act—one to obtain the punishment of the offender for committing a misdemeanor, and the other a civil action to recover the penalty. This method of double punishment of offenders guilty of misdemeanors has long been much in vogue by various statutes in this state. For instance, chapter 628, p. 405, Laws 1857 (Excise Law); section 21, c. 534, p. 587, Laws 1879 (fishing out of season); section 19, c. 183, p. 343, Laws 1885 (deception in sales of dairy products).

At the outset it will be noted that the conviction or acquittal in the criminal action would not be conclusive against one who has sustained damages by the acts which compose the criminal charge. From the early history of the state this has been made so by statute. Newton v. Porter, 5 Lans. 416–423. The Code of Civil Procedure, in a sweeping section (section 1899), provides that civil and criminal prosecutions do not merge. See, also, sections 8 and 13, as to criminal contempts.

The contention here, however, is founded largely upon the facts that the two remedies are prosecuted in the name of the people, and the suit for the penalty is quasi criminal in character. They are, however, entirely independent, and one is a criminal and the other a civil action. The rules governing the trials in the two cases are dissimilar. In the

¶ 2. See Penalties, vol. 39, Cent. Dig. § 18.

criminal action the evidence must satisfy the jury of the guilt of the defendant beyond a reasonable doubt. The taking of the evidence of a nonresident witness by commission at the instance of the people is not permissible in a criminal prosecution. The manner of eliciting proof is more restricted, and the district attorney in presenting the case to the jury must keep in a more narrow groove than the counsel in a civil action. People v. Fielding, 158 N. Y. 542–547, 53 N. E. 497, 46 L. R. A. 641, 70 Am. St. Rep. 495; People v. Milks, 55 App. Div. 372, 66 N. Y. Supp. 889. The jury, without any departure from the strict letter of the law or from any misapprehension of the evidence, might acquit in a criminal action, and upon the same proof, and with equal propriety, render a verdict for the amount of the penalty.

The authorities in this state, as far as our research has extended, are uniform in holding that the two actions are not at all dependent upon each other. In People v. Rohrs, 49 Hun, 150, 1 N. Y. Supp. 672, the action was to recover penalties pursuant to "An act to prevent deception in the sale of dairy products." The act made the offender guilty of a misdemeanor punishable by fine or imprisonment, and in addition thereto that he should forfeit and pay a penalty of $500. The statute, it will be observed, is almost identical with the one under consideration. The defendants offered to prove that the defendant Rohrs had been tried and acquitted for the offense set out in the complaint, but the evidence was excluded. Upon appeal the court sustained this ruling, saying at page 150, 49 Hun, page 672, 1 N. Y. Supp.:

"The parties to the criminal proceeding were the people, the plaintiffs in this action, and Rohrs, one of the defendants in this action. The question litigated in the criminal proceeding was whether or not Rohrs had violated the statute. It was judicially determined that he had not done so. It would seem, therefore, that the very question to be tried in this action had already been litigated between the parties, and determined in the defendant Rohrs' favor. The difficulty, however, in holding that the result in the criminal proceeding estopped the people from trying the question of Rohrs' violation of the statute in this action arises from the fact that, if Rohrs had been found guilty in the criminal action, the record in that action would not have been evidence against Rohrs in this action, and, therefore, because of the want of mutuality, no estoppel can arise."

In People v. Stevens, 13 Wend. 341, the defendant was indicted for selling liquor without a license. He pleaded in bar a judgment in a civil action for a penalty for the same offense. The district attorney demurred to the plea, and it was held bad by the court of sessions, and upon appeal the judgment sustaining the demurrer was affirmed. The court say at page 342:

"It is undoubtedly competent for the Legislature to subject any particular offense both to a penalty and a criminal prosecution; it is not punishing the same offense twice. They are but parts of one punishment. They both constitute the punishment which the law inflicts upon the offense. That they are enforced in different modes of proceeding, and at different times, does not affect the principle. It might as well be contended that a man was punished twice when he was both fined and imprisoned, which he may be in most misdemeanors."

In People v. Meakim et al., 133 N. Y. 214, 30 N. E. 828, the court quoted the above excerpt from the Stevens Case approvingly (page 224,

133 N. Y., page 830, 30 N. E.), and an analysis of the authorities is there given, and the conclusion reached that the two remedies may be followed, and the adoption of the one is not exclusive of the other. Blatchley v. Moser, 15 Wend. 215, Rollins v. Breed, 54 Hun, 485, 8 N. Y. Supp. 48, and Behan v. People, 17 N. Y. 516, are along the same line. The text-books announce the same principle. Greenleaf on Evidence, § 537; Wharton on Evidence, § 777; Am. & Eng. Ency. of Law, vol. 24, p. 831 (2d Ed.).

We are aware that the contrary principle has been maintained in Coffey v. U. S., 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684; but as the policy of the courts of our own state has been so consistent and uniform in the direction indicated we feel bound to follow them. The chief reason urged by the United States Supreme Court for the adoption of the doctrine that the two remedies cannot both be pursued is that the suit for the penalty is in effect criminal in its character. As has been seen, that principle does not obtain in our state, but the action for a penalty is treated like any other civil action.

In Stone v. U. S., 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127, the Coffey Case was in a measure limited. The Stone Case was an action of conversion, and the defendant Stone had been acquitted on an indictment in the United States District Court for the same offense which was made the basis of the civil action, also prosecuted in the name of the United States. The defendant pleaded the judgment of acquittal in bar of the civil action, but the court of last resort held against him. After distinguishing the Coffey Case, the court said at page 188, 167 U. S., page 782, 17 Sup. Ct., 42 L. Ed. 127:

"The rule established in Coffey's Case can have no application in a civil case not involving any question of criminal intent or of forfeiture for prohibited acts, but turning wholly upon an issue as to the ownership of property. In the criminal case the government sought to punish a criminal offense, while in the civil case it only seeks, in its capacity as owner of property illegally converted, to recover its value. In the criminal case his acquittal may have been due to the fact that the government failed to show beyond a reasonable doubt the existence of some fact essential to establish the offense charged, while the same evidence in a civil action brought to recover the value of the property illegally converted might have been sufficient to entitle the government to a verdict. Not only was a greater degree of proof requisite to support the indictment than is sufficient to sustain a civil action, but an essential fact had to be proved in the criminal case which was not necessary to be proved in the present suit. In order to convict the defendant upon the indictment for unlawfully, willfully, and feloniously cutting and removing timber from lands of the United States, it was necessary to prove a criminal intent on his part, or at least that he knew the timber to be the property of the United States."

The action for a penalty is a civil one, pure and simple, and the question of the defendant's intent is not a necessary feature of the plaintiff's case. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. Laesser, 79 App. Div. 384, 79 N. Y. Supp. 470. The plaintiff made his prima facie case by proving the defendant burned the fallow within the prohibited period. Whether done negligently, with malicious intent, or in a spirit of sport, is unimportant. If the maintenance of the action depended upon proving the defendant set the fire maliciously or with intent to do damage to his neighbor, the statute might be nullified.

Whether the action for the penalty is to be sued for in the name of the people or of an informer or of an official, it is still a civil remedy by the statute. The test is not that the civil action is in form prosecuted in the name of the people, which would make it objectionable. The criticism indulged is that the action is authorized at all after the other remedy allowed by the statute has been resorted to. The doctrine upon which the cases in our state rest gives no room for this technical construction. They proceed upon the ground that the remedies are separate and were so intended by the lawmakers. Neither upon principle nor authority do we regard the one as a bar to the maintenance of the concurrent or independent remedy.

Nor does the determination reached result in putting the defendant twice in jeopardy for the same offense, within the proper meaning of that phrase. He had been once tried on an indictment where different inferences, a different mode of procedure, a different rule as to the competency of witnesses, prevail from what are allowable in the civil action. It was not necessary to obtain the conviction of the defendant before resorting to the penalty. People v. Waterbury, 44 Hun, 493.

Judgment should be reversed, and new trial ordered, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents in an opinion in which STOVER, J., concurs.

WILLIAMS, J. (dissenting.) The judgment and order should be affirmed, with costs. The action was brought to recover a penalty of $300 for burning logs, etc., in a fallow at a time of year prohibited by section 229 of the forest, fish, and game law (Laws 1900, p. 66, c. 20). That section provides: "Any person violating any provision of this section is guilty of a misdemeanor, and in addition thereto, is liable to a penalty of three hundred dollars." The defendant appellant was arrested for a misdemeanor under this statute, pleaded not guilty, and upon his trial therefor was acquitted. This action was based upon the same prohibited act for which he was tried and acquitted. The trial court held the acquittal on trial for the misdemeanor was a bar to a recovery of the penalty, and the correctness of this ruling is the only question involved in this appeal.

We do not think it necessary to enter upon any discussion of the question involved, inasmuch as there are at least two cases reported which involve practically the same question, and which are directly in conflict with each other. People v. Rohrs, 49 Hun, 150, 1 N. Y. Supp. 672; Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, approved in Stone v. United States, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127. The Rohrs Case was decided by the First Department, General Term, in 1888. The Coffey Case was decided in 1885, and was approved in the Stone Case in 1896. The rule of law laid down in the Coffey Case was that adopted by the trial court in the present case, and seems to have been well considered and to be the settled law of the United States Supreme Court. The opinion in the Rohrs Case was a per curiam, and the attention of the General Term was not apparently called to the Coffey Case, or the reasoning of the court upon which that case was determined. The General Term

held the former acquittal was not a bar to the recovery of the penalty.

We think, under this condition of the decisions, we should follow the rule laid down in the United States Supreme Court, and that the judgment and order should therefore be affirmed, with costs.

STOVER, J., concurs.