THE CITY OF NEW YORK, Plaintiff, *v.* PERCY G. WILLIAMS, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Tenth District, July, 1905.)

Cumulative remedies — Penalties — Actions for penalties — Conviction not condition precedent to action — Charter of the City of New York, §1481.

> The policy of providing two punishments for the infraction of interdicted acts, one by a criminal prosecution as for a misdemeanor, and the other by a penalty recoverable in a civil action, has become a part of the policy of the State in respect to repressive legislation.

> Where a statute prohibits certain acts and provides that a violation thereof may be punished criminally and also by a penalty recovered in a civil action, and there is nothing in the law which requires a proceeding to enforce the one punishment or the other to take precedence over the other, both remedies may be pursued together, or independently of one another.

> Under section 1481 of the Greater New York Charter (L. 1897, ch. 378) prohibiting certain exhibitions upon the Sabbath and declaring that the giving and participating in the same shall constitute a misdemeanor, and, in addition to the punishment provided therefor, the offender shall be subject to a penalty of $500, recoverable in an action by the city, a conviction is not a condition precedent to the maintenance of an action for the penalty.

ACTION to recover a penalty. Demurrer to complaint.

John J. Delany, Corporation Counsel, Herman Stiefel, Assistant Corporation Counsel, for plaintiff.

House, Grossman & Vorhaus, for defendant.

Municipal Court of the City of New York, July, 1905.    [Vol. 48.

JOSEPH, J.   Section 1481 of the New York City Charter provides as follows: "It shall not be lawful to exhibit on the first day of the week, commonly called Sunday, to the public, in any building, garden, grounds, concert room or other room or place within The City of New York, any interlude, tragedy, comedy, opera, ballet, play, farce, negro minstrelsy, negro or other dancing, or any other entertainment of the stage, or any part or parts therein or any equestrian, circus or dramatic performance, or any performance of jugglers, acrobats or rope dancing. Any person offending against the provisions of this section, and every person aiding in such exhibition by advertisements or otherwise, and every owner or lessee of any building, part of a building, ground, garden or concert room or other room or place, who shall lease or let out the same for the purpose of any such exhibition or performance, or assent that the same be used for any such purpose, shall be guilty of a misdemeanor, and *in addition* to punishment therefor provided by law, shall be subject to a penalty of five hundred dollars which penalty the corporation counsel of said city is hereby authorized in the name of The City of New York to prosecute, sue for and recover; and, in addition to which every such exhibition or performance shall of itself, forfeit, vacate and annul and render void and of no effect any license which shall have been previously obtained by any manager, proprietor, owner or lessee consenting to, causing or allowing or letting any part of a building for the purpose of any such exhibition or performance." (Laws 1897, chap. 378.)

By the provisions of this section, the Legislature has interdicted certain exhibitions on the Sabbath, and has declared that the giving and participating in the same shall constitute a misdemeanor, and, *in addition* to the punishment provided by law therefor, the offender shall be subject to a penalty of $500, recoverable in an action by the city of New York.

The city, claiming that the defendant has become amenable to this law, has brought this action to recover the penalty.   The defendant, in effect, demurs to the suit, on

the ground that he has not been charged, tried or convicted of the criminal offense, and that, as the Act provides that *in addition* to the punishment provided by law for the crime, he is subject to the penalty, the conviction is a condition precedent to the maintenance of an action for the penalty, the reasoning being that until it has been established by a trial and conviction that he is guilty of a misdemeanor and has incurred the liability of punishment therefor, there is nothing to which to *add* the liability for the prescribed penalty.

The argument is ingenious, but unsound. The policy of providing two punishments for the infraction of interdicted acts, one by a criminal prosecution as for a misdemeanor, and the other a penalty recoverable in a civil action, is not new to our laws. In fact, it may be said to have become a part of the policy of the State in respect to repressive legislation. Thus, over seventy years ago, it was adopted in respect to certain forbidden acts in connection with the selling of liquors. Later, it was applied to offenses against imitations of butter, and still later, to certain infractions of the Fish and Game Laws, and also of the Forestry Laws.

Defendant's counsel concedes that it is within the power of the Legislature to thus prescribe two punishments for the same offense, but he argues that the peculiar language of the Act under which this action is brought requires that the crime of misdemeanor be first established by a conviction before the civil action for the penalty can lie. It is true that the language of the Act is slightly different from the language of former Acts, but there is nothing in the change of language to indicate an intention on the part of the Legislature to change the rules of law which have become established by repeated decisions. People v. Stevens, 13 Wend. 341; Blachley v. Moser, 15 id. 216; People v. Waterbury, 44 Hun, 493; People v. Rohrs, 49 id. 150; Rollins v. Breed, 54 id. 485; People v. Snyder, 90 App. Div. 422.

In all of the Acts under which these cases were brought, the Legislature had provided for punishment of the offenders

against the Act, both by the criminal law and by a civil action for the penalty. Each of the Acts provided that an infraction thereof was a misdemeanor, and they further provided that the person should also be liable to a penalty for such infraction, the penalty being recoverable by civil action. By some of the Acts these consequences were provided for by separate sections. In others of the Acts, it was provided by the same section that the offender was guilty of a misdemeanor, and *in addition* thereto was liable for the prescribed penalty.

The only difference that I can perceive between these Acts, and the one now under consideration, is a difference in expression — it is not a difference in principle.

In considering the provisions of the Revised Statutes involved in the case of People v. Stevens, where the punishments were prescribed in different sections, and in which case the civil action for the penalty had preceded the criminal prosecution, which fact was relied upon to defeat the criminal prosecution, Sutherland, J., in affirming the judgment, said: " In this case, although a specific penalty is imposed for a violation of these sections of the act, the legislature have thought proper to declare that such violations shall also be deemed misdemeanors, and be punishable by fine and imprisonment. They stand upon the same footing as though they had been misdemeanors at common law and the statute had then, *in addition,* imposed a penalty."

In the Oleomargarine Act, the law provides that offenses against the Act are misdemeanors, and in addition thereto the party should be liable for a fixed penalty. Under that Act as a misdemeanor, the guilty party is liable to the punishment prescribed therefor, and is also liable in addition thereto for the penalty. The fact that the Act under consideration prescribes that in addition to the punishment provided therefor by law, the offender should be subject to a penalty of $500, is merely declaratory of the law. Had the Legislature intended that a conviction should precede the liability for the penalty, it would have used more certain and appropriate language to effectuate its design, such as a declaration that upon conviction, the offender should be

liable to a punishment, and in addition should be subject to a penalty of $500. Moreover, it is not conceivable what purpose the Legislature would have if it intended that a conviction for a misdemeanor should render the person liable for a penalty as a consequence *per se* of the conviction in providing that a separate and different action must be brought for the penalty. The punishment could as well be inflicted upon the conviction for the crime, and not have required an independent action to be prosecuted by the city to recover the penalty.

It seems to be perfectly clear that under the Rohrs decision and under the Snyder decision, the result of a criminal action could not be used for or against an alleged offender in a civil action.

These cases are conclusive that in this State, at least, the result of a criminal action would be no adjudication in the civil action. The provision of law under which the Snyder case arose is, "Any person violating any provision of this section, is guilty of a misdemeanor, and in addition thereto, is liable to a penalty of $300," and it was held that the penalty could be sued for, notwithstanding there had been a failure to convict on a prosecution for the crime.

While the provision then under consideration does not set out that any person violating any provision of this section is guilty of a misdemeanor and is liable to punishment provided by law, that is implied, and, by inserting in the Act itself these words which the law implies, the result is not changed. The legal effect of the language of section 1481 of the charter under which this action is brought is to declare that any offender against the interdicted acts is guilty of a misdemeanor, and in addition to the punishment provided by law for having committed a misdemeanor, he is liable to the penalty prescribed by the Act for having offended against the interdicted acts. This penalty is to be collected in the name of the city through a civil action, and is in no way dependent upon the criminal action. They are independent and may be pursued together or independently of one another, and there is nothing in the law which

6

requires a proceeding to enforce .the one punishment or the other to take precedence over the other. It may be an arbitrary and drastic law, opposed to the views of many of our law-loving citizens. It may be, on the other hand, a beneficial law, calculated to enforce the quietude of the Sabbath. Whether our views are in favor of or against the wisdom of the law, we are not to destroy it by specious subterfuges.

To find in the change of the language a change of intention in the Legislature to overthrow the oft-repeated decisions of our courts, would be indeed doing violence to the language. If the Legislature had intended to make such a radical change as contended for by defendant's counsel, it would have adopted more certain and appropriate language to effectuate its purpose.

Judgment for the plaintiff, overruling the demurrer, with leave, however, to the defendant to answer on payment of costs. Cause set down for hearing for July 20, 1905, at nine A. M.

Demurrer overruled, with leave to defendant to answer, on payment of costs.