## PEOPLE v. REDWOOD.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. PENALTIES (§ 5*)—VIOLATION OF STATUTES—INTENT.
   The intent to violate a statute imposing a penalty for the doing of a prohibited act is immaterial, and the doing of the prohibited act, though without intent to violate the law, is sufficient to subject one to the penalty.

   [Ed. Note.—For other cases, see Penalties, Cent. Dig. § 5;  Dec. Dig. § 5.*]

2. GAME (§ 3½*)—PRIVATE RIGHTS.
   The wild game roaming over a private park belongs to the people, who may, to protect the same, make proper regulations as to the time and manner of hunting and killing the same, and a superintendent of a large private park in the Adirondacks who permits a dog of the breed commonly used in hunting deer to roam on the land or elsewhere in the Adirondack preserve violates Laws 1900, c. 20, § 9, as amended by Laws 1901, c. 545, imposing a penalty on one permitting dogs of the breed commonly used for hunting deer to run at large in a forest inhabited by deer or kept in the Adirondack Park.

   [Ed. Note.—For other cases, see Game, Cent. Dig. § 2;  Dec. Dig. § 3½.*]

Appeal from Trial Term, Franklin County.

Action by the People against John Redwood to recover a penalty. From a judgment for defendant and from an order denying a new trial, the people appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John K. Ward, for the People.
John P. Kellas, for respondent.

PER CURIAM.   The action is to recover a penalty for permitting a dog of the breed commonly used for hunting deer to run at large in a deer inhabited forest in the Adirondack Park.  Section 9 of chapter 20 of the Laws of 1900, as amended by chapter 545, Laws 1901, under which it is claimed the penalty was incurred, provides that:

"Dogs of the breed commonly used for hunting deer, or dogs that are trained to or will pursue deer shall not be permitted by the owner or person harboring the same to run at large in, or be taken into the forest inhabited by deer, or kept or possessed in the Adirondack Park."

It was proved by the defendant that the dog which was allowed to run at large in a forest inhabited by deer was what was called a "Pennsylvania fox hound," and that it was not trained to and would not pursue deer.  The proof on the part of the plaintiff tended to show that it was of the breed commonly used for hunting deer, and that it actually did pursue deer on the occasion in question.  The defendant was using the dog to hunt foxes, and there was no question but what he was running at large in the woods.

The main question submitted to the jury was whether or not the dog

in question was of the breed commonly used in hunting deer, and the learned trial court by a very fair and impartial charge explained and submitted that question to the jury. In the course of his charge, however, he said that intent to violate the statute was an element that must be proved to recover a penalty under the statute in question. At the close of the charge, an exception was taken to such instruction, and the plaintiff's counsel asked the court to further charge that such intent might be drawn from the circumstances, and need not be specifically proven. The court modified the charge in this regard, apparently to the satisfaction of plaintiff's counsel. Thereupon the defendant's counsel requested the court to further charge that the acts must be such as to show that there was an intent to violate the law, or to perform an act prohibited by law, and the court so charged to which the plaintiff excepted.

We are of opinion the learned court fell into error in charging the request of either of the counsel to the effect that intent to violate was a necessary element of violation or incurring of the penalty. In an action for a penalty for the doing of a prohibited act, the question of defendant's intent in doing the act is immaterial. People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415. One can commit a crime even like selling milk below the standard prescribed by law without knowing that it is below the standard, and without intending to violate the law. People v. Kibler, 106 N. Y. 321, 12 N. E. 795.

The court also charged, at the request of defendant's counsel, that the defendant had a legal right to pursue with the dog in question foxes on the private lands of his employer by his direction, without incurring any penalty in so doing, and counsel strenuously maintains that such charge was correct. The defendant was superintendent of a very large private park in the Adirondacks. If the dog was of the breed commonly used in hunting deer, the defendant had no right to let him run at large on his employer's land or anywhere else in the Adirondack preserve. While the owner of a private park owns his land and has been given great privileges by the Legislature with respect to fishing and hunting thereon, the wild game roaming over it belongs to the people of the state, and they have the right for the purpose of protecting game in general to make proper regulations as to time and manner of hunting and killing. If the dog was of the breed commonly used in hunting deer, the defendant had no more right to let him loose on the preserve of his employer than he had to kill out of season the deer which happened to be on the lands of his employer. As the statute stood at the time of the alleged violation, if the dog was not of the breed commonly used for hunting deer, or was one of another breed not trained or which would not pursue deer, the defendant had the right to hunt foxes with him by direction of his employer or otherwise. In the light of the main charge of the court, the request was doubtless understood by him to refer only to the right of the defendant to hunt foxes with a dog which would not pursue deer. The language of the request, however, is so broad that the jury might have understood the instruction to be that the defendant had the right, at the direction of his employer, to hunt foxes with the particu-

lar dog in question whether he was of the kind commonly used in hunting deer or not, and we cannot say that they did not so interpret it.

It follows that the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.