GEORGE E. GREEN, as State Commissioner of Excise of the State of New York, Appellant, *v.* MAXIMILIAN ALTENKIRCH, as Administrator, etc., of MAX ALTENKIRCH, Deceased, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondents.

Second Department, December 30, 1916.

Evidence — action on undertaking of holder of liquor tax certificate — proof that defendant allowed the premises to become disorderly — record of prior judgment convicting defendant's wife of keeping disorderly house — when record of prior conviction inadmissible in civil action — effect of suspension of sentence — Liquor Tax Law construed — charge — when wife of defendant not interested witness.

In an action against the holder of a liquor tax certificate and his surety brought by the State Commissioner of Excise to recover on the bond for a violation of the Liquor Tax Law, the fact that the defendant allowed the premises to become disorderly cannot be established by the record of a Court of Special Sessions which shows that the wife of the defend-

ant had been previously convicted of keeping a disorderly house on the premises in violation of section 1146 of the Penal Law. Such evidence is inadmissible either against the defendant or his surety.

While a verdict or judgment in a criminal case is admissible to establish the mere rendition of the judgment, it cannot be given in evidence in a civil action to establish the facts on which it was rendered.

Such conviction of the wife of the defendant does not become admissible upon the theory that both the criminal action and the action on the bond are brought by the People and that the defendants are the same in that the wife was the *alter ego* of her husband.

Moreover, such record of conviction is properly excluded where the sentence of the defendant was suspended, for it did not amount to a legal conviction. This is true, although the term " conviction," as used in the Liquor Tax Law, includes a finding of guilt resulting from a plea of guilty irrespective of the pronouncing of judgment or the suspension thereof, for said rule relates only to cases which are within sections 21, 23, 24, 26 and 36 of the Liquor Tax Law.

In such action it was not error for the court to refuse to charge that the defendant's wife must be deemed an "interested witness" where he in fact instructed the jury that they might consider the wife's relation to her husband as creating a bias or prejudice in his favor which they were entitled to take into account in determining the weight of her evidence.

Cases collated and discussed, per JENKS, P. J.

APPEAL by the plaintiff, George E. Green, from a judgment of the Supreme Court in favor of the defendant Max Altenkirch, who since the commencement of the action has died and whose administrator has been substituted as a party, entered in the office of the clerk of the county of Queens on the 24th day of January, 1916, upon the verdict of a jury, and also from a judgment entered in said clerk's office on the 7th day of February, 1916, in favor of the defendant United States Fidelity and Guaranty Company, upon the same verdict, and also from an order entered in said clerk's office on the 14th day of February, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Charles R. O'Connor* [*J. S. Frost* with him on the brief], for the appellant.

*Herbert A. O'Brien,* for the respondent Altenkirch.

*George O. Redington,* for the respondent United States Fidelity and Guaranty Company.

JENKS, P. J.:

The State Commissioner of Excise sues principal and surety for a violation of their bond, in that the former permitted the certificated premises to become, be and remain disorderly. The question of the principal's conduct was litigated and the jury found for the defendants. I think that we should not heed the plea that the verdict is contrary to the proof.

The plaintiff contends that the court committed certain reversible errors in rulings, of which only two deserve consideration.

1. The wife of the principal, who resided with him in the said premises, had alone been tried and convicted in a Court of Special Sessions for a violation of section 1146 of the Penal Law in keeping the premises as a disorderly house. The plaintiff offered in evidence a certificate and record of her conviction, with the contention: "It is a record of conviction; it is practically a litigation of the matters between the plaintiff here and the defendants; it is a judgment of the court, and practically when admitted we are entitled to a direction of a verdict." The final ruling of the court excluded the record as to both defendants, and the jury was instructed to disregard it. I think that the ruling was right. In *Sims* v. *Sims* (75 N. Y. 466), RAPALLO, J., for the court, discussed but did not determine the general question involved in this ruling. That learned judge found that the decisions were not harmonious as to whether, in a civil action, the record of conviction for a crime was admissible as *prima facie* evidence as to the facts, or not competent at all, but said: "There is a great weight of authority against its being admissible at all, except as evidence of the fact of conviction, where that fact is material." He pointed out that this is the general rule approved by Greenleaf (1 Greenl. Ev. § 537) and declared in many cases.

In *Wilson* v. *Manhattan Railway Co.* (2 Misc. Rep. 127) Wilson sued for false imprisonment. PRYOR, J., writing for the court (the General Term of the Common Pleas), said: "The police court convicted the plaintiff; and appellant contends that the trial judge erred in refusing to charge that such conviction was evidence of plaintiff's guilt. The proposition is untenable. A judgment in a criminal prosecution is admissible in civil case only to establish the fact of the *rendition* of the

judgment, but is not evidence of the facts upon which the judgment proceeded, that is, of the guilt of the accused. And this because neither the parties, nor the rules of decision, nor the course of proceedings, are identical in the two actions. 1 Greenl. on Ev. §. 537; Wharton's Law of Ev. § 776. In malicious prosecution an acquittal of the plaintiff, though an indispensable condition of the action, is not evidence of his innocence between the parties." The judgment was affirmed *on the opinion below* (144 N. Y. 632).

In *Stone* v. *United States* (167 U. S. 178, 184) — an action to recover the value of certain timber — it appeared that the defendant had been indicted criminally for the cutting of the timber and had been acquitted. The court say: "In our opinion the record of the criminal proceedings in the court in Idaho was not evidence to establish or disprove any of the material facts involved in the civil action." And the court then proceeds to limit *Coffey* v. *United States* (116 U. S. 436). (See, too, *People* v. *Rohrs*, 49 Hun, 150; *People* v. *Snyder*, 90 App. Div. 422, 423; *City of Woodburn* v. *Aplin*, 64 Ore. 610, 621; 1 Greenl. Ev. [15th ed.] § 537; Whart. Ev. [3d ed.] §§ 776, 777; Black Judg. [2d ed.] 794; 1 Herman Com. on Estop. & Res Adjud. 483; Starkie Ev. [10th ed.] 331; Jones' Com. Ev. [Horwitz ed.] § 589.) In *Castrique* v. *Imrie* (L. R. 4 H. L. 415), BLACKBURN, J. (at p. 434), says: "A judgment in an English Court is not conclusive as to anything but the point decided, and, therefore, a judgment of conviction on an indictment for forging a bill of exchange, though conclusive as to the prisoner being a convicted felon, is not only not conclusive, but is not even admissible evidence of the forgery in an action on the bill, though the conviction must have proceeded on the ground that the bill was forged." Greenleaf on Evidence (*supra*) says: "Upon the foregoing principles, it is obvious that, as a general rule, a verdict and judgment in a *criminal case*, though admissible to establish the fact of the mere *rendition* of the judgment, cannot be given in evidence in a civil action, to establish *the facts on which it was rendered.*" *Farley* v. *Patterson* (166 App. Div. 358), in so far as it holds that the judgment of conviction established the plaintiff's case, is against the weight of the authorities. It is true that such

judgment established the fact of the conviction, but not the fact of the guilt. (See the remarks of RAPALLO, J., in *Sims' Case, supra,* 471, 472, as to the discrimination and the possible confusion.) The learned court in *Farley's Case (supra)* states that the judgment of acquittal would not be evidence against the People in a civil action. Now, in *People* v. *Snyder (supra),* the court, in consideration of *People* v. *Rohrs (supra),* quoted with approval this language of the court: "The question litigated in the criminal proceeding was whether or not Rohrs had violated the statute. It was judicially determined that he had not so done. It would seem, therefore, that the very question to be tried in this action had already been litigated between the parties, and determined in the defendant Rohrs' favor. The difficulty, however, in holding that the result in the criminal proceeding estopped the People from trying the question of Rohrs' violation of the statute in this action, arises from the fact that if Rohrs had been found guilty in the criminal action, the record in that action would not have been evidence against Rohrs in this action, and, therefore, because of the want of mutuality, no estoppel can arise." And in *Rohrs'* case the court continued: "Greenleaf (vol. 1, § 524) lays down this rule with great distinctness."

The learned counsel for the appellant insists that the parties are the same in both cases, as the People of the State (the real plaintiff) and the defendant's " *alter ego,* his wife," litigated the question. But in *People* v. *Snyder (supra)* the court say: "The contention here, however, is founded largely upon the facts that the two remedies are prosecuted in the name of the People, and the suit for the penalty is *quasi* criminal in character. They are, however, entirely independent, and one is a criminal and the other a civil action. * * * The authorities in this State as far as our research has extended are uniform in holding that the two actions are not at all dependent upon each other." I am not aware that a judgment of conviction of a wife is a judgment of conviction of the husband, in that she is his " *alter ego.* " Indeed, in the criminal law, there is not even presumption of the husband's *coercion* in cases of " the keeping of brothels and other disorderly houses." (Bish. New Crim. Law, § 361.)

I think that in any event the record of the conviction of the wife was not competent evidence to prove or to disprove any of the material facts as against her husband, the principal, or against the surety.  The learned court, expressing doubt as to the admissibility of the evidence in any event, also ruled it out upon the ground that there was no conviction, inasmuch as it appeared that sentence had been suspended.  I think that the court was sustained by *People* v. *Fabian* (192 N. Y. 443). Moreover, I doubt whether the statutory rule of evidence, enacted subsequent to *Fabian's Case* (*supra*) and *Matter of Koehler & Co.* v. *Clement* (193 N. Y. 605), that the term "conviction," as used in the Liquor Tax Law, includes and means "a finding of guilt, resulting from a plea of guilty, the decision of a court or magistrate, or the verdict of a jury, irrespective of the pronouncing of judgment or the suspension. thereof" (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 2, as amd. by Laws of 1910, chap. 485), applies to an action like unto the one at bar.  It would seem rather that the rule relates to cases within sections 21, 23, 24, 26 and 36 of the Liquor Tax Law.

2. It is contended that the court erred in refusing to charge that the wife of the principal as such is classed as an interested witness.  But the court immediately before had instructed the jury that, although there was no witness in the case who had in the law an interest in the litigation, there were witnesses "who may, by reason of their relationship to, or service for, or their position in the service of the parties to this litigation, in the judgment of the jury, be found to have a bias or prejudice for or against the parties to the action, and that, if there be such witnesses, the jury may upon finding that fact take that fact into account in determining the weight which they will give to the testimony of such a witness."  I think that in this case the court indicated sufficiently the possible status of the wife of the defendant as a witness.  The wife, merely as such, was not an "interested witness."  (See Code Civ. Proc. § 828; *Fogal* v. *Page*, 13 N. Y. Supp. 656, 658.)  While it was not essential to her description as an "interested" witness that she should have a direct pecuniary interest in the outcome (*Wohlfahrt* v. *Beckert*, 92 N. Y. 490), nothing was developed that

Second Department, October, 1916. [Vol. 176.

justified her characterization as an interested witness beyond the instruction that I have quoted.

The judgments and order are affirmed, with costs.

CARR, MILLS, RICH and PUTNAM, JJ., concurred.

Judgments and order affirmed, with costs.