(99 App. Div. 355)

### PEOPLE v. JENSEN.

(Supreme Court, Appellate Division, First Department.   December 23, 1904.)

1. ADMITTING MINOR TO THEATER—PENAL CODE—CHARTER—APPLICATION TO CITY.

Greater New York Charter, Laws 1897, p. 555, c. 378, § 1608, provides that, so far as the charter is the same as the consolidation act, the charter is to be regarded as a continuation of the consolidation act, and not a new enactment.   The Consolidation Act, Laws 1882, p. 517, c. 410, § 2143, declares that for the purpose of determining the effect of the act on other acts except the Penal Code the act shall be deemed to have been passed on January 1, 1882, and that all acts passed after that date and the Penal Code shall have the same effect as if passed after the consolidation act.   Greater New York Charter, Laws 1897, p. 522, c. 378, § 1482, providing that it shall be unlawful to admit persons under 14 to a theater unless accompanied by parent or guardian, was section 2009 of the Consolidation Act, Laws 1882, p. 485, c. 410.   Pen. Code, § 290, which was passed as amended in 1884 (Laws 1884, p. 45, c. 46), provides that it shall be an offense to admit a person under 16 to a theater unless accompanied by parent or guardian, and section 728 declares that no provision of the Code shall be deemed repealed or altered by the subsequent passage of an inconsistent statute unless such statute explicitly refers to and repeals the Code provision.   *Held*, that Pen. Code, § 290, is applicable to the city of New York, and that its provisions are not superseded by Greater New York Charter, § 1482.

Appeal from Special Term, New York County.

Albert Jensen was indicted for admitting to a theater managed by him a child under the age of 16 years, unaccompanied by its parent or guardian, and from an order sustaining a demurrer to the indictment the people appeal.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry G. Gray, for the People.

Michael Schaap, for respondent.

PATTERSON, J. The defendant was indicted for the crime of "admitting to a theater managed by him a child under the age of sixteen years, unaccompanied by its parent or guardian." To this indictment a demurrer was interposed, stating as the ground thereof "that the facts stated in said indictment do not constitute a crime." The Court of General Sessions of the Peace in and for the County of New York, in which the indictment was pending, sustained the demurrer, and from the judgment entered thereon the district attorney of the county of New York now appeals.

The indictment sets forth that the defendant "kept and managed in part a theater in the borough of Manhattan in the city of New York, and at a time named did admit to and allow to remain in such theater a child, one William H. Weiss, actually and apparently under the age of sixteen years, to wit, of the age of fourteen years, not being then and there accompanied by his parent or guardian, against the form of the statute in such case made and provided." This indictment is evidently framed under the provision of section 290 of the Penal Code, which provides that a person is guilty of a misdemeanor who (1) "admits to or allows to remain in any dance house, concert saloon, theater, museum, skating rink, or in any place where wines or spirituous or malt liquors are sold or given away, or in any place of entertainment injurious to health or morals, owned, kept or managed by him in whole or in part, any child actually or apparently under the age of sixteen years, unless accompanied by its parent or guardian." That the offense charged in the indictment comes directly within the terms of this provision of the Penal Code is apparent, but the contention of the respondent is that the provision of the Penal Code has no application in the city of New York, for the reason that there is a local law which operates in that city, and which displaces the provision of the Penal Code. It is provided by section 1482 of the Greater New York Charter (Laws 1897, p. 522, c. 378) that:

"It shall not be lawful for any owner, lessee, manager, agent or officer of any theater in the city of New York to admit to any theatrical exhibition held in the evening any minor under the age of fourteen years, unless such minor is accompanied by, and is in the care of, some adult person. Any person violating the provisions of this section shall be guilty of a misdemeanor."

We are not informed of the reasons of the learned judge of the Court of Sessions for upholding this demurrer, but we assume that it must have been done on the ground of an inconsistency between the provisions of the Greater New York Charter and that of the Penal Code with relation to the subject under consideration, and that it was deemed that the charter provision was in the nature of a local law, which, while it did not expressly permit of the admission of children under the age of 14 years to a theatrical enter-

tainment, did nevertheless define and declare what should constitute the misdemeanor within the territorial limits of the city of New York. Without considering whether there is or not an actual inconsistency between these two provisions of law, we are of opinion that the provision of the Penal Code prevails. The history of the respective statutes, so far as legislation upon the general subject is concerned, but without regard to the effect of that legislation, seems to be accurately stated by the learned counsel for the respondent. The first general act upon the subject was chapter 428, p. 486, of the Laws of 1877, which provided that no minor under the age of 14 years should be admitted at any time to, or permitted to remain in, any saloon or place of entertainment where liquors were sold, exchanged, or given away, or at places of amusement known as "dance houses" and "concert saloons," unless accompanied by parent or guardian; and the proprietor, keeper, or manager of any such place for a violation of that provision was to be regarded as guilty of a misdemeanor. It is properly pointed out that that act has no application to a theater. The provision was incorporated in the Penal Code, § 290, 3 Laws 1881, p. 70, c. 676. As section 290 was first passed, it substantially accorded with the provision of the act of 1877. It is properly argued that under that provision of the Penal Code the act charged in this indictment would not have constituted a crime, but by Laws 1884, p. 45, c. 46, the Penal Code was amended so as to increase the age of a child referred to therein from 14 to 16 years, and making the section apply to his admission to theaters as well as to other places named therein.

Thus far we have considered the general provision of law. The law with reference to the city of New York was first passed in 1859 (chapter 48, p. 104, Laws 1859). It was included and published in a compilation of local laws affecting New York City, compiled and issued in 1880, under the direction of the Legislature, and in its original form became section 2009 of the consolidation act of 1882 (Laws 1882, p. 485, c. 410), there being certain differences merely with relation to the recipient of fines that might be imposed for violation of the law. It ultimately became section 1482 of the Greater New York Charter (Laws 1897, p. 522, c. 378), and by the Charter of 1901 it was continued in force in the following words:

"Section Three. The several sections of the said chapter 378 of the Laws of 1897, the numbers and titles of which are set forth in the second schedules annexed to this act, entitled 'Second Schedule. Sections to Remain in Force until Changed by the Board of Aldermen,' are and each of them is hereby continued in full force and effect until the board of aldermen as constituted by the foregoing provisions of this act shall pass ordinances regulating the matters provided for in the said several sections mentioned in the second schedule, all of which ordinances the said board of aldermen is hereby expressly empowered to pass. Upon the passing of any such ordinances regulating the matters provided for in any one of the sections respectively, such section shall cease to have any force and effect, and the same is and shall be repealed." Laws 1901, p. 657, c. 466.

It is urged by the respondent that section 1482, c. 378, p. 522, of the Laws of 1897, is one of the sections included in the second

schedule, and thus plainly made the law governing the matter within the limits of the city of New York, and subject to change and control by the board of aldermen, which is expressly authorized to pass ordinances regulating the matter, which shall have the force of law. It is also urged by the respondent that the history of these statutes shows that the subject of the admission of minors into theaters of the city of New York has always been deemed by the Legislature a matter for special regulation with reference to that city, and finally, under the present charter, a matter for regulation by the local legislature—the board of aldermen—without regard to the statutes governing the same subject-matter in other parts of the state; and in support of this view a very able and interesting argument has been made. We cannot, however, adopt it, for upon a consideration of other provisions of the Greater New York Charter, and looking to the general purpose of the Legislature in enacting the provision of the Penal Code now under review, we think it apparent that the Penal Code must control, and reach the conclusion that subdivision 1 of section 290 of that Code applies. Section 728 of the same Code provides as follows:

"No provision of this Code nor any part thereof shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend this Code accordingly."

There is no specific mention made in or in connection with the Greater New York Charter of the repeal of any part of section 290 of the Penal Code, and the enactment of the charter is not to be regarded as a repeal by implication. Section 1482 of the charter (Laws 1897, p. 522, c. 378) is identical with section 2009 of the consolidation act (chapter 410, p. 485, Laws 1882). It is not a new enactment dating from the time of the adoption of the Greater New York Charter. By section 1608 of that charter (page 555) it is provided:

"So far, as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act, * * * this act is intended to be not a new enactment but a continuation of the said consolidation act of 1882, * * * and this act shall accordingly be so construed and applied."

Giving heed to this section (1608), it throws back the provision of section 1482 of the charter to the time at which the provision in the consolidation act was adopted; and, while that act was passed at a date subsequent to the passage of the Penal Code, yet section 2143 of the consolidation act (Laws 1882, p. 517, c. 410) provides as follows:

"For the purpose of determining the effect of this act upon other acts, except the Penal Code, and the effect of other acts, except the Penal Code, upon this act, this act is deemed to have been enacted on the first day of January, in the year eighteen hundred and eighty-two; all acts passed after such date and the Penal Code are to have the same effect as if they were passed after this act."

The act to establish a Penal Code was passed July 26, 1881. Laws 1881, p. 913, c. 676. The amendment of subdivision 1, relating to the admission of children to theaters, was passed in 1884. Laws 1884, p. 45, c. 46. We are of opinion that the section of the

Penal Code with this amendment must still be regarded as the law governing the case. While it is true that a statute providing for a particular case or applicable to a particular locality is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest (Buffalo Cemetery Ass'n v. Buffalo, 118 N. Y. 61, 22 N. E. 962; Van Denburgh v. Greenbush, 66 N. Y. 1), yet here the intention of the Legislature seems to be manifest to widen the scope of a general law which was applicable to the city of New York as well as to the rest of the state of New York. It was merely an amendment of a law which applied to New York City as well as the state, and in that sense could not be regarded as repealing a local law in conflict with it. We think that section 290 of the Penal Code must, in its operation, be given the same effect as was given to section 72 of the Penal Code, as related to section 58 of the consolidation act (Laws 1882, p. 13, c. 410), in People v. Jaehne, 103 N. Y. 182, 8 N. E. 374.

The judgment should be reversed, and the demurrer overruled. All concur.