PEOPLE ex rel. HAMMERSTEIN v. O'GORMAN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. PROHIBITION—APPLICATION FOR WRIT—QUESTIONS DETERMINABLE.

On an application for a writ of prohibition to prevent a justice of the Supreme Court from entering an order granting a petition that a theatrical license be revoked, the only question subject to consideration is whether the justice has jurisdiction to make the order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, § 77.]

2. THEATERS AND SHOWS—LICENSES—REVOCATION—VIOLATING SUNDAY LAWS—EFFECT OF PENAL CODE.

Greater New York Charter, Laws 1897, p. 520, c. 378, § 1476, authorizes the revocation of a theatrical license for violation of certain sections, including section 1481 (page 522), which by the express terms of section 1608 (page 555) is a continuation of Consolidation Act 1882, Laws 1882, p. 484, c. 410, § 2007, forbidding the holder of such a license to give certain performances on Sunday and making violations thereof a misdemeanor. Pen. Code, § 277, is to the same purport as such section 1481. Held, that though, as to criminal prosecutions, section 277 repealed section 1481 by implication, having been enacted after section 2007, it does not repeal it, so as to defeat a forfeiture of a license under section 1476 for a violation of section 1481.

Application by the people of the state of New York, on the relation of William Hammerstein, for a writ of prohibition against James A. O'Gorman, justice of the Supreme Court, and another. Alternative writ dismissed, and motion for peremptory writ denied.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis J. Vorhaus, for relator.
William H. Jackson, for defendants.

SCOTT, J. This is an application for a peremptory writ of prohibition, and comes before us upon an alternative writ and return thereto. The relator is the holder of a theatrical license issued under section 1473 of the Greater New York charter (Laws 1897, p. 519, c. 378). A proceeding for the revocation of his license under section 1476 of the charter was instituted by the police commissioner, and has so far proceeded that Mr. Justice O'Gorman, before whom the proceeding was heard, has handed down a decision granting the prayer of the petitioner that the license be revoked. The purpose of the writ of prohibition now applied for is to prevent the entry of an order upon that decision. The only question which we can consider is whether or not the justice had jurisdiction to entertain the application, and has jurisdiction to make the order sought to be restrained.

Section 1476 of the charter authorizes the revocation of a theatrical license by a judge or justice of a court of record, "upon proof of the violation of any of the provisions of this title," meaning thereby title 2 of chapter 22. Section 1481, being a part of that title, forbids the holder of a theatrical license to give certain exhibitions and performances on Sunday. The charges against this relator, and which have been proven, are that he has frequently violated the provisions of this section. The grounds upon which the relator asserts the lack of juris-

108 N.Y.S.—47

diction to grant an order of revocation are as follows: He says that
neither the Supreme Court nor any justice thereof has any inherent
jurisdiction to revoke a theatrical license; that such jurisdiction must
be found in section 1476 of the charter, which authorizes a revocation
only for violation of one of the provisions of article 2, c. 22; that sec-
tion 1481, being the only one which the relator is accused of violating,
has been superseded and repealed by the Penal Code, and therefore
constitutes legally no part of said title 2; and, consequently, that there
is no authority for revoking a license for violation of that section. This
contention is apparently an afterthought, for it does not appear that it
was presented to Mr. Justice O'Gorman upon the hearing, or that any
motion for a reargument was presented to him. It therefore comes
before us as an original proposition.

Section 1481 of the charter is a re-enactment of section 2007 of the
New York City consolidation act of 1882 (chapter 410, p. 484, Laws
of 1882), and therefore, under the terms of section 1608 of the charter,
is to be considered, not as a new enactment, but as a continuation of
section 2007 of the consolidation act. The effect of the unusual pro-
visions of section 2143 of the consolidation act and of section 728 of
the Penal Code has been declared to be that the Penal Code, although
enacted before the consolidation act, has the same effect upon that act
as if it had been enacted after it. People v. Jaehne, 103 N. Y. 182, 8 N.
E. 374; People v. Jensen, 99 App. Div. 355, 90 N. Y. Supp. 1062, af-
firmed 181 N. Y. 571, 74 N. E. 1122. Section 2007 of the consolidation
act, now section 1481 of the charter, not only forbids the giving of
certain exhibitions and performances on Sunday, but declares a vio-
lation of its provisions to be a misdemeanor, and prescribes the pun-
ishment therefor. Section 277 of the Penal Code, in slightly different
language, but to the same purport, also forbids the giving of exhibi-
tions and performances on Sunday, declaring a violation of its provi-
sions to be a misdemeanor, and prescribes the punishment therefor.
It is argued that under these circumstances section 2007 of the con-
solidation act was repealed by the enactment of section 277 of the
Penal Code, under the familiar rule that a later statute, not purporting
to amend a prior one, and which covers the whole subject, and is plain-
ly intended to furnish the only law upon the subject, must be held to
have repealed the prior statute by necessary implication.

If the question arose upon a criminal prosecution, as it did in the
Jaehne and Jensen Cases, this argument would be unanswerable. It
did not so arise, however. The Penal Code, as the title implies, is a
statute enacted for the purpose of defining crimes and prescribing the
punishment therefor, and to this extent was intended as a substitute
for, and consequent repeal of, the scattered and fragmentary legisla-
tion which preceded it. People v. Jaehne, supra. Title 2 of chapter
22 of the charter is essentially a licensing act, forbidding certain things
to be done without a license, providing for the issuance of licenses and
the manner and terms upon which they may be issued, providing an
orderly method for their judicial revocation, and specifying various
things (of which the giving of performances on Sunday is only one)
which may not be done, and for the doing of which a license may be
revoked. In this aspect the Penal Code does not purport to cover the

same ground which is covered by the charter provisions; for, although section 277 of the Penal Code does provide that the doing of any of the acts therein forbidden shall "of itself" annul any license which shall have previously been obtained, it makes this annulment contingent, not upon a conviction under the section, but upon a doing of the prohibited act, and it provides no procedure by which the fact of violation may be ascertained and established, and a decree of annulment made. There is no reason why the Legislature may not in one act declare that the doing of certain things shall constitute a crime, and by another and separate act declare that the doing of the same things shall forfeit a license or otherwise affect a civil right. Undoubtedly the Penal Code operated to repeal section 2007 of the consolidation act in so far as that section undertook to define a crime and fix the punishment therefor. But if all those provisions are deemed to have been stricken out of that section, and consequently out of section 1481 of the present charter, there will still remain a prohibition of Sunday performances. So far as concerns the effect of a violation of these provisions upon a license issued under section 1473, the charter remains unrepealed and unaffected by the Penal Code. It follows that Mr. Justice O'Gorman had jurisdiction to entertain the application, and has jurisdiction to enter the order sought to be prohibited.

The alternative writ must be dismissed, and the motion for a peremptory writ denied, with $50 costs and disbursements to the respondents. All concur.