## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 16, 1909.)

1. THEATERS AND SHOWS (§ 3*)—REVOCATION OF LICENSE—NATURE OF PROCEEDING.

Laws 1901, p. 657, c. 466, amending the Greater New York charter (Laws 1897, p. 519, c. 378), did not reincorporate sections 1472–1487 relating to "amusements, public exhibitions to be licensed," one of which (section 1476) provided for revocation of a license for a violation of law by a summary proceeding, and another (section 1481) prohibited certain Sunday exhibitions, but section 1620, subd. 3 (Laws 1901, p. 657, c. 466), provided that such sections should remain in force until changed by ordinances regulating matters therein provided for, when they should be considered repealed. Afterwards an ordinance was passed regulating the matters provided for in section 1481, continuing the prohibition of certain exhibitions on Sunday, and providing that any person violating the same should be subject to a specified penalty, which the corporation attorney was authorized to sue for, and on a recovery of judgment for such penalty the license previously obtained for the exhibition should be deemed annulled. *Held* that, as section 1481, relating to Sunday exhibitions, was repealed by the passage of the ordinance, section 1476, relating to a summary proceeding for revocation of a .license, does not apply to a violation of the ordinance relating to Sunday exhibitions; hence, the only way in which a license can be revoked for a violation of the ordinance is on obtaining a judgment for the penalty prescribed.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. APPEAL AND ERROR (§ 91*)—APPEALABLE ORDERS—NATURE OF PROCEEDING.

Code Civ. Proc. § 1356, provides that an appeal may be taken from an order affecting a substantial right made in a special proceeding. Section 1361 provides that "this title does not confer the right to appeal from an order in a case where it is specially prescribed by law that the order cannot be reviewed." Greater New York Charter (Laws 1897, p. 520, c. 378) § 1476, provides a summary proceeding for the revocation of theatrical or show licenses for a violation of law, "and no appeal shall be taken" in such proceeding. *Held*, that where the court, in summary proceedings under section 1476 to revoke a theatrical license, appointed a referee, which was not authorized in such proceeding, an appeal may be taken under section 1356.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 619; Dec. Dig. § 91.*]

Appeal from Special Term, New York County.

Summary proceedings by the City of New York against William Morris, Incorporated, to revoke a theatrical license. From an order overruling preliminary objections to jurisdiction, denying a motion to dismiss, and appointing a referee, defendant appeals. Reversed, and proceeding dismissed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George M. Leventritt, for appellant.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly, of counsel, and Terence Farley, on the brief), for respondent.

CLARKE, J. This is an appeal from an order of the Special Term upon an application by the city to revoke a license issued to William

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morris, Incorporated, for the American Theater, upon the ground of the violation of an ordinance passed December 17, 1907, by the giving of Sunday performances alleged to be prohibited by said ordinance. The order appealed from overruled certain preliminary objections made to the jurisdiction of the court, denied the motion to dismiss the proceedings, allowed the respondent time in which to serve an answer to the petition, and appointed a referee to take proofs and report his opinion. The preliminary objection, in brief, is that there is no existing law providing for a summary proceeding to obtain a revocation of a theatrical license for a violation of the ordinances in respect to Sunday performances, but that it is now provided that such revocation shall follow and depend upon a judgment for the recovery of a penalty of $500, which the corporation counsel is authorized to prosecute for and recover.

The Greater New York Charter (chapter 378, p. 519, of the Laws of 1897), in chapter 22, tit. 2, under the head "Amusements, Public Exhibitions to be Licensed," provided in brief as follows:

Section 1472 declared that it should not be lawful to publicly exhibit any interlude, tragedy, comedy, etc., until a license for the place of such exhibition should be first had and obtained. By section 1473 the police department was authorized to grant such license for the sum of $500; but any one who should neglect to take out such license and give such an exhibition was subjected to a penalty of $100 for every such exhibition, to be prosecuted and sued for and recovered in the name of the city. Section 1476 reads:

"Revocation of License. Any license provided for by the preceding sections may be revoked and anulled by any judge or justice of any court of record in said city, upon proof of a violation of any of the provisions of this title; such proof shall be taken before such judge or justice, upon notice of not less than two days to show cause why such license should not be revoked. Said judge or justice shall hear the proofs and allegations in the case and determine the same summarily; and no appeal shall be taken from such determination; and any person whose license shall have been revoked or annulled shall not thereafter be entitled to a license under the provisions of said sections; on any examination before an officer, pursuant to a notice to show cause, as aforesaid, the accused party may be a witness in his own behalf."

Section 1477 provided that any person violating sections 1472 and 1473 should be deemed guilty of a misdemeanor, and upon conviction should be punished by imprisonment in the penitentiary for a term not less than three months nor more than one year, or by a fine of not less than $100 nor more than $500, or both such fine and imprisonment. By section 1478 it was made the duty of the police to arrest any person violating the provisions of sections 1472 and 1473. By section 1479 the corporation counsel was authorized to apply to the Supreme Court for an injunction against any person who should open or advertise to open any place in violation of section 1472 without having obtained the license provided for in section 1473. Section 1480 contained certain exemptions as to amatuers and exhibitions for charitable and religious purposes, etc. Section 1481 prohibited certain specified performances on Sunday, and provided that any person offending against the provisions of the section—

"shall be guilty of a misdemeanor, and in addition to punishment therefor provided by law shall be subject to a penalty of five hundred dollars, which penalty the corporation counsel of said city is hereby authorized in the name of the city of New York to prosecute, sue for and recover; in addition to which every such exhibition or performance shall of itself forfeit, vacate and annul and render void and of no effect any license which shall have been previously obtained by any manager, proprietor, owner or lessee consenting to, causing, or allowing or letting any part of a building for the purpose of any such exhibition or performance."

By section 1482 minors under 14 years were not to be admitted to any theatrical exhibition held in the evening, unless accompanied by an adult person. A violation of its provisions was made a misdemeanor. Section 1483 prohibited the selling of beer, wine, or strong or spirituous liquors in any such place of exhibition, or the employment of females to wait on or attend in any manner or to furnish refreshments for the audience at any such exhibition. Section 1484 provided that no license for any exhibition given in violation of the preceding section should be granted, and any and every exhibition or performance at which any of the provisions of said section shall be violated shall of itself vacate and annul any license previously obtained. Section 1485 provided that any person violating any of the provisions of the two preceding sections shall be deemed guilty of a misdemeanor and punishable as prescribed. Section 1486 gave the right for the police to enter and arrest; and section 1487 provided for a diagram on the play bill and the marking of the doors and exits, and a noncompliance subjected the offender to a penalty in the sum of $50, to be sued for and recovered in the same manner as violations of the building laws should be sued for and recovered.

When the charter was revised, by chapter 466, p. 651, of the Laws of 1901, it did not reincorporate in terms title 2 of chapter 22 of the charter of 1897—"Amusements, public exhibitions to be licensed." But by section 3 of section 1620 it provided as follows:

"The several sections of the said chapter 378 of the Laws of 1897, the numbers and titles of which are set forth in the second schedule annexed to this act entitled 'Second Schedule, Sections to Remain in Force until Changed by the Board of Aldermen,' are and each of them is hereby, continued in full force and effect until the board of aldermen as constituted by the foregoing provisions of this act shall pass ordinances regulating the matters provided for in the said several sections mentioned in the second schedule, all of which ordinances the said board of aldermen is hereby expressly empowered to pass. Upon the passing of any such ordinances regulating the matters provided for in any one of the said sections respectively, such section shall cease to have any force or effect, and the same is and shall be repealed."

The second schedule, so referred to as sections to remain in force until changed by the board of aldermen, included all of the sections under title 2 of chapter 22 of the charter of 1897, being sections 1472 to 1487, inclusive. On the 17th of December, 1907, the board of aldermen adopted, and on December 19, 1907, the mayor approved, the following ordinance, entitled:

"An ordinance regulating the matters provided for in section 1481 of the Laws of 1897, as amended by chapter 466 of the Laws of 1901, known as the 'Greater New York Charter'; section 1481 being one of the sections

specified under title 'The Second Schedule,' sections to remain in force until changed by the board of aldermen."

This ordinance continued the prohibition against certain exhibitions on Sunday, with a proviso that:

"Nothing herein contained shall be deemed to prohibit at any such place or places on the first day of the week, commonly called Sunday, sacred or educational, vocal or instrumental concerts, lectures, addresses, recitations and singing, provided that such above mentioned entertainments shall be given in such a manner as not to disturb the public peace, or amount to a serious interruption of the repose and religious liberty of the community."

And then provided:

"Any person willfully offending against the provisions of this section * * * and every owner or lessee of any building * * * who shall lease or let out the same for the purpose of any such exhibition or performance * * * shall be subject to a penalty of $500, which penalty the corporation counsel of said city is hereby authorized, in the name of the city of New York, to prosecute, sue for and recover; and on the recovery of a judgment for the penalty herein provided for against any manager, proprietor, owner or lessee, consenting to or causing or allowing, or letting any part of the building for the purpose of any exhibition or performance prohibited by this ordinance, the license which shall have been previously obtained by such manager, proprietor, owner or lessee, is of itself vacated and annulled."

As section 1476 provides for a summary proceeding for the revocation of a license, "upon proof of a violation of any of the provisions of this title," and as section 1481, which was the provision of that title which prohibited certain Sunday performances, has been repealed by the board of aldermen in conformity with the power granted to said board to legislate upon such subject by the Legislature, under the provisions of section 3 of section 1620 of the charter of 1901, there does not now exist any section in said title, to wit, title 2 of chapter 22, governing or controlling Sunday performances. The Legislature, while it might confer power upon the board of aldermen to pass ordinances upon the subjects enumerated in said title, could not confer power upon the board of aldermen to amend, add to, or change the charter. While the charter provided for a continuation of the said provisions until the board of aldermen acted, it was expressly provided that:

"Upon the passing of any such ordinance regulating the matters provided for in any one of said sections respectively, such section shall cease to have any force and effect and the same is and shall be repealed."

It follows that section 1481 has been repealed by the passage of the ordinance, but that ordinance has not been inserted in place of section 1481 in the title from whence it was taken. Therefore, there being left in that title no provisions as to Sunday performances, section 1476 of that title can no longer be held to apply to violations of the Sunday law, but must be confined in its application to the other sections of said title remaining unrepealed. The result follows that the only way in which a license is to be revoked for violations of said ordinance is upon the obtaining of a judgment for the penalty prescribed. Such judgment in and of itself revokes and vacates said license. The

difference between section 1481 and the new ordinance is that under section 1481 the prohibited performance itself forfeited, vacated, and rendered of no effect the license, while under the new ordinance the judgment accomplished that result. A summary proceeding was provided for in section 1476 to reach a violation of section 1481, while under the new ordinance the revocation is an incident of a judgment in a civil action, or as the result of a criminal prosecution under the Penal Code.

This leads to the conclusion that the Special Term had no jurisdiction to entertain this proceeding. But the respondent claims that the order is not appealable, claiming that as by section 1476 of the original charter, providing for the summary proceeding, it is provided that no appeal shall be taken from such determination, it follows that an order overruling preliminary objections to the proceeding as without jurisdiction cannot be appealable, and that the only way to test the question of jurisdiction is by writ of prohibition—the method employed in People ex rel. Hammerstein v. O'Gorman, 124 App. Div. 222, 108 N. Y. Supp. 737. The order appealed from not only overrules the preliminary objections, but appoints a referee. Section 1356 of the Code of Civil Procedure provides that an appeal may be taken to the Appellate Division of the Supreme Court from an order affecting a substantial right, made in a special proceeding at a Special Term or Trial Term of the Supreme Court, or made by a justice thereof in a special proceeding instituted before him pursuant to a special statutory provision. Section 1361 of the Code provides:

"This title does not confer the right to appeal from an order in a case where it is specially prescribed by law that the order cannot be reviewed."

The summary proceeding provided by section 1476 of the original charter is a special statutory proceeding. That section provides that said judge or justice shall hear the proofs and allegations in the case and determine the same summarily. There is no provision therein contained for the appointment of a referee, and such appointment would seem to do violence to the language and intent of the statute. A summary power granted to a justice, who, it is provided, shall hear the proofs and allegations, and from whose determination there is no appeal, would seem to negative the power to appoint a referee. The unauthorized appointment of a referee, with the requirement that the parties shall go before him to make their proofs, with liability for the expenses of said reference, undoubtedly affects a substantial right. As the section of the charter does not contemplate the appointment of a referee, it is not specifically prescribed by law that such an order cannot be reviewed, and so section 1361 of the Code does not apply. The right to appeal is, therefore, conferred by section 1356, supra, and therefore we think the whole question is properly before this court.

It follows, therefore, that the order appealed from should be reversed, and the proceeding dismissed, with $10 costs and disbursements to the appellant. All concur.