(63 Misc. Rep. 442.)

### CITY OF NEW YORK v. ALHAMBRA THEATER.

(Supreme Court, Trial Term, New York County.    May, 1909.)

MUNICIPAL CORPORATIONS (§ 592*)—ORDINANCES PRESCRIBING PENALTIES FOR ACTS PUNISHABLE BY STATUTE—VALIDITY.

An ordinance prohibiting the identical theatrical and other performances on Sunday as are prohibited by Pen. Code, § 277, and prescribing the same penalty, but providing a different method of prosecution and a different application of a penalty recovered, violates sections 719 and 728, requiring an offense specified in that Code to be punished according to its provisions, and not otherwise, and that no provision thereof shall be deemed repealed unless referred to and directly repealed, and Greater New York Charter, § 44 (Laws 1901, p. 23, c. 466), forbidding an ordinance inconsistent with the state laws.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1313; Dec. Dig. § 592.*]

Action by the City of New York against the Alhambra Theater. Complaint dismissed.

F. K. Pendleton, Corp. Counsel, for plaintiff.

Louis J. Vorhaus, for defendant.

GREENBAUM, J.   This action is brought by the city of New York to recover the sum of $500 as a penalty for the defendant's alleged violation of a city ordinance adopted on or about the 17th day of December, 1907.

The invalidity of the ordinance is asserted by the defendant. The ordinance in question ostensibly forbids certain performances in the city of New York on Sunday and is a reiteration of the provisions of section 277 of the Penal Code so far as it enumerates the same prohibited performances and acts.   Section 277 of the Penal Code declares an offender against its provisions guilty of a misdemeanor, and provides, among other matters:

"In addition to the punishment therefor provided by statute, every person violating this section is subject to a penalty of five hundred dollars, which penalty the Society for the Reformation of Juvenile Delinquents in the City of New York, for the use of the society, * * * are authorized, in the name of the people of this state, to recover."·

The ordinance above mentioned likewise undertakes to subject the offender against its provisions to a penalty of $500, but provides that "the corporation counsel of said city is hereby authorized, in the name of the city of New York, to prosecute, sue for and recover" said penalty.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

What useful purpose was served by an attempted re-enactment of the provisions of the Penal Code forbidding certain performances and acts on Sunday and in providing a penalty of $500, to be prosecuted and recovered by the city of New York, when the Penal Code provides for a similar penalty, to be prosecuted by the people of the state of New York, for the use of the "Society for the Reformation of Juvenile Delinquents," it is difficult to understand. The defendant contends that the penalty fixed in the ordinance is inconsistent with the provisions of section 277 of the Penal Code upon the same subject, and there seems to be cogent reason for this contention. The ordinance under review was passed after the decision in People ex rel. Hammerstein v. O'Gorman, 124 App. Div. 222, 108 N. Y. Supp. 737. Subsection 3 of section 1620 of the New York Charter (Laws 1901, p. 657, c. 466) empowered the board of aldermen to pass ordinances regulating the matters provided for in what was designated as the "Second Schedule," annexed to the charter provisions, and provided that:

"Upon the passing of any such ordinances regulating the matters provided for in any one of the said sections, respectively, said section shall cease to have any force or effect, and the same is and shall be repealed."

The Appellate Division (First Department) decided, during the recent March term, in Matter of Morris, 131 App. Div. 767, 116 N. Y. Supp. 353, that the effect of the passage of the ordinance in question was to repeal the sections of the charter which related to the revocation of theatrical licenses and the penalties following a violation of the law forbidding the enumerated entertainments on Sunday. Section 44 of the charter provides that the board of aldermen may exercise all the powers vested in the city of New York:

"By proper ordinances, rules, regulations and by-laws not inconsistent with the provisions of this act, or with the Constitution or laws of the United States, or of this state, and, subject to all such limitations, may from time to time ordain and pass all such ordinances, rules, regulations and by-laws, * * * as may seem meet for the good rule and government of the city * * * and may provide for the enforcement of the same by such fines, penalties, forfeitures and imprisonment as may by ordinance or by law be prescribed."

Section 719 of the Penal Code provides:

"An offense specified in this Code * * * must be punished according to the provisions of this Code, and not otherwise."

Section 728 of the Penal Code provides:

"No provision of this Code, or any part thereof, shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend this Code accordingly."

It seems clear that for the identical violation provided for by section 277 of the Penal Code the ordinance prescribed a penalty of the same amount as that fixed by the Penal Code, but provides a different method of prosecution and a different application of the proceeds derived from the collection of any judgment that may be recovered thereon from that provided for in the Penal Code. It therefore violates section 719 of the Penal Code, which declares that:

"An offense specified in this Code * * * must be punished according to the provisions of this Code, and not otherwise."

To hold otherwise would be to permit double penalties for the same infraction of law. The ordinance also clearly seems to violate section 44 of the charter, which forbids the adoption of ordinances "inconsistent with the provisions * * * of the laws * * * of the state." It further violates section 728 of the Penal Code above quoted, inasmuch as the ordinance cannot be deemed to repeal the provisions of the Penal Code. This seems to be settled beyond question. People v. Jaehne, 103 N. Y. 182, 8 N. E. 374; People v. Jensen, 99 App. Div. 355, 90 N. Y. Supp. 1062, affirmed 181 N. Y. 571, 74 N. E. 1122; People ex rel. Hammerstein v. O'Gorman, 124 App. Div. 222, 108 N. Y. Supp. 737; Matter of Morris, supra.

The ordinance is, to my mind, a futile and abortive effort and of no validity. The contention of the learned counsel for the plaintiff that this action is really intended to effect a revocation of the defendant's license in the manner indicated by the Appellate Division in the Morris Case, supra, may not properly be considered. The judgment sought to be recovered here is for a definite sum of money as a penalty. The consequences that would flow from such a judgment may not properly influence the court. It is evident that the learned Appellate Division assumed that the adoption of the ordinance was a legal exercise of power by the board of aldermen, and that its attention was not directed to the point here raised that the ordinance was invalid.

The complaint must be dismissed.

Complaint dismissed.