### CITY OF NEW YORK v. ALHAMBRA THEATER CO.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

SUNDAY (§ 2*)—STATUTORY AND MUNICIPAL REGULATIONS.

   New York City Ordinance Dec. 1907, which imposes a penalty for giving Sunday theatrical performances, to be recovered by the city, and, by virtue of Laws 1901, c. 466, repeals Greater New York Charter, § 1481 (Laws 1897, c. 378, which re-enacts section 2007 of the Consolidation Act [Laws 1882, c. 410], as amended by Laws 1885, c. 249, § 6), on the same subject, is valid, though Pen. Code, § 277 (Penal Law [Consol. Laws, c. 40] § 2152), makes the same acts a misdemeanor, for which it imposes a similar penalty, recoverable by the Society for the Reformation of Juvenile Delinquents, for the same acts.

   [Ed. Note.—For other cases, see Sunday, Dec. Dig. § 2;* Municipal Corporations, Cent. Dig. § 1329.]

Appeal from Trial Term, New York County.

Action by the City of New York against the Alhambra Theater Company. From a judgment dismissing the complaint (63 Misc. Rep. 442, 118 N. Y. Supp. 471), the City appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

Terence Farley, for appellant.
Charles Goldzier, for respondent.

McLAUGHLIN, J. This action was brought to recover a penalty of $500 for an alleged violation by the defendant of an ordinance of the city of New York prohibiting certain theatrical performances on Sunday. The ordinance in question was passed in December, 1907, and provides that for a violation of the same an action may be maintained by the corporation counsel, in the name of the city, to recover the penalty therein provided, and, if a recovery be had, the judgment in and of itself vacates and annuls any license held by such violator. At the conclusion of the trial the court, there being no conflict in the evidence, held as matter of law that defendant's violation of the provisions of the ordinance had been established, but nevertheless dismissed the complaint upon the ground that the ordinance was ineffectual and could not be enforced, since it was inconsistent with section 277 of the Penal Code, now section 2152 of the Penal Law (Consol. Laws, c. 40). That section prohibits the same acts that the

---

ordinance does, and declares a violation of the section to be a misdemeanor, and also imposes a $500 penalty, to be recovered in the name of the people by the Society for the Reformation of Juvenile Delinquents in the City of New York, for the use of that society, and by the overseers of the poor in any other city or town, for the benefit of the poor. It further provides that the doing of any of the prohibited acts of itself revokes any license held by the offender. The trial court was of the opinion that under section 719 of the Penal Code, providing that "an offense specified in this Code * * * must be punished according to the provisions of this Code, and not otherwise," the ordinance was ineffectual and void, and that the city had no right of action for the penalty thereunder. From the judgment dismissing the complaint, the city appeals.

Section 277 of the Penal Code was enacted in 1881 (Laws 1881, c. 676, amended by Laws 1883, c. 358, § 7). There was, at and prior to the enactment of this section, a statute quite similar to it relating solely to the city of New York (Laws 1860, c. 501), and when the Consolidation Act was enacted (Laws 1882, c. 410) one of its sections (section 2007) was almost identical with the statute then existing and with section 277 of the Penal Code so far as the latter applied to the city of New York. Section 2007 of the Consolidation Act was amended by section 6, c. 249, of the Laws of 1885, so as to make the $500 penalty recoverable by the city, instead of the society, and as thus amended was re-enacted as section 1481 of the Greater New York Charter (Laws 1897, c. 378). By chapter 466 of the Laws of 1901 it was continued in force until it should be repealed by the passage of an ordinance upon the subject by the board of aldermen, and was so repealed by the ordinance in question. Morris Theatrical License, 131 App. Div. 767, 116 N. Y. Supp. 353.

The appellant contends that the Morris Case is authority for the maintenance of this action. That was a proceeding to revoke a theatrical license for a violation of the provisions of section 1481, brought in accordance with section 1476, which authorized a summary proceeding for a violation of any of the provisions of title 2 of chapter 22 of the charter, which included both sections. The court held that section 1481 had been repealed by the ordinance, and there was, therefore, no authority for the maintenance of the proceeding, pointing out that another method was provided in the ordinance for the revocation of a license for a violation of its provisions, which was the recovery of a judgment in an action brought by the city for the penalty therein provided. This court had previously held in People ex rel. Hammerstein v. O'Gorman, 124 App. Div. 222, 108 N. Y. Supp. 737, that prior to the passage of the ordinance section 1481 was in full force and effect in so far as it declared the acts mentioned to be unlawful, notwithstanding the corresponding provisions in the Penal Code. The ordinance in question was undoubtedly valid to the same extent, and under chapter 466 of the Laws of 1901 operated to repeal section 1481, and that was all that the Morris Case decided. The question whether or not the city could maintain an action for the penalty was not raised, and of course could not have been determined. That question is now squarely presented, and the

answer to it depends upon whether the provision of the ordinance imposing the penalty to be recovered by the city is valid, in view of the provision of the Penal Code in form permitting a similar penalty to be recovered by the Society for the Reformation of Juvenile Delinquents for the same acts.

I am of the opinion that the ordinance is valid. It seems to me obvious that if the amendment to section 2007 of the Consolidation Act, which was passed in 1885, re-enacted in 1897 by section 1481 of the Greater New York Charter, gave the city a right to maintain an action for such penalty, then the ordinance which has replaced section 1481 gives it the same right. I can see no reason to doubt the validity of the amendment. The Legislature, at the time of the passage of the amendment in 1885, must be presumed to have known of the provisions of the Penal Code bearing on the same subject, and it seems to me to be necessarily inferred that the purpose of the amendment was to substitute the city for the society. Section 728 of the Penal Code, forbidding repeals of its provisions by implication, was not enacted until the next year (Laws 1886, c. 31, § 8). The Legislature, of course, could not only provide a penalty, but designate how and by whom the same should be recovered. If it saw fit to do so, I have no doubt it could provide that a penalty might be recovered by the city of New York and also one by the society. Therefore, unless my conclusion be correct that the purpose of the amendment of 1885 was to substitute the city for the society for the collection of the penalty, then it seems to me to necessarily follow that the penalty provided in the amendment can be collected by the city and the one provided in section 277 of the Penal Code by the society.

As was pointed out in People ex rel. Hammerstein v. O'Gorman, supra, section 1481 was one of the charter provisions relating to the granting of licenses, while the Penal Code relates to crimes and their punishment. The penalty given the city is a civil remedy, entirely distinct from the punishment of the act or acts as a misdemeanor. People v. Meakin, 133 N. Y. 214, 30 N. E. 828; People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415. As such it is not a punishment, within the meaning of section 719, forbidding punishments other than as specified in the Penal Code. That this is so is apparent from sections 7 and 9, the latter of which provides:

"The punishments prescribed by this Code can be inflicted only upon a legal conviction in a court having jurisdiction."

I am also of the opinion that the ordinance is valid, irrespective of prior legislation on the subject. The board of aldermen undoubtedly, by virtue of the provisions of the charter, had the power to regulate the granting and revocation of theatrical licenses. In the exercise of that power they could have required an applicant for a license to deposit security to the extent of $500, to be forfeited to the city in case the license should be revoked for cause, or for the violation of any particular regulation with reference to it. The fact that the same act or acts which would forfeit to the city the amount deposited were made misdemeanors and punishable as such under the Penal Code would have no bearing at all upon the validity of such

regulation. It would not be in any way inconsistent with the Penal Code, or in conflict with it; and the present case presents what seems to me to be a quite similar situation. The effect of the ordinance is that, for a violation of its provisions regarding Sunday performances, the license of the offender shall be revoked, and in addition he shall pay a penalty of $500 for the benefit of the city. Simply because the forbidden acts are also made misdemeanors, and may be punished and penalized under the Penal Code, is no valid reason why the plaintiff here should not have judgment and the license of the defendant thereby be revoked. Unless the city can maintain the action, then there is no authorized form of procedure which it can take to revoke defendant's license for unlawful Sunday performances.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.