# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## May 28, 1920.

## THE PEOPLE v. HENRY MAILLARD.

(192 App. Div. 201.)

(1) SALE OF· UNWHOLESOME FOOD PRODUCT IN CITY OF NEW YORK—VIOLATION OF SECTION 163, SANITARY CODE.

The provisions of the Sanitary Code of the city of New York have the same force and effect as though enacted by the Legislature, and under the provisions of the Greater New York charter one who violates the same is guilty of a misdemeanor and punishable accordingly.

(2) SAME.

Appeal from a judgment convicting the defendant of a' violation of section 163 of the Sanitary Code of the city of New York relating to the sale of unwholesome food products. Evidence examined, and *held*, that the defendant was properly convicted.

(3) SAME—TREATED AS A MISDEMEANOR—FINE.

On a conviction for a violation of section 163 of said Sanitary Code the punishment is not limited to a fine of ten dollars or ten days' imprison·ment, or both, for under the provisions of the charter such violation shall be treated and punished as a misdemeanor.

(4) SAME—CONSTITUTIONAL.

Section 163 of the Sanitary Code is not unconstitutional upon the ground that it is unreasonable.

APPEAL by the defendant, Henry Maillard, Incorporated, from a judgment of the Court of Special Sessions of the City of New York, Municipal Term, Part 1, rendered on the 26th day of March, 1918, convicting it of the crime of violating section 163 of the Sanitary Code of the City of New York. (See Code of Ordinances of City of New York, chap. 20, art. 9, § 163.)

*James J. Walker* of counsel (*Warren Leslie* with him on the brief), for the appellant.

·*William A. Walling* of counsel (*John F. O'Brien* with him on the brief; *John P. O'Brien, Corporation Counsel*), *Robert*

*S. Johnstone, Assistant District Attorney* of counsel (*Edward Swann, District Attorney*), for the respondent.

MERRELL, J.:

The defendant is a domestic corporation engaged in the manufacture and sale of confectionery in the borough of Manhattan, city of New York, and has been convicted at a Municipal Term of the Court of Special Sessions of the City of New York of a violation of section 163 of the Sanitary Code of the board of health of said city. The section of the Sanitary Code for a violation of which the defendant has been convicted provides as follows:

" § 163. * * * No meat, vegetables, or milk, not being then healthy, fresh, sound, wholesome, or safe for human food, nor the meat of any animal that died by disease or accident, shall be brought into the city of New York or held, kept, offered for sale, or sold as such food, or kept or stored, anywhere in said city. The term ' meat,' as herein used, shall include fish, birds, eggs, and fowl; the term ' vegetables ' shall include any product, substance, or article used as and for human food other than milk or meat; the term ' not sound ' shall include any vegetable that is wormy. For the purpose of this section, any meat, vegetables, or milk in possession of, or held, kept, or offered for sale by, a dealer in food, shall, *prima facie,* be deemed to be held, kept and offered for sale as human food."

The provisions of the Sanitary Code have the same force and effect as though enacted by the Legislature of the State, and under the provisions of the Greater New York charter one who violates the same is guilty of a misdemeanor and punishable accordingly.

The defendant, appellant, asks reversal of the judgment of conviction herein on the ground that said judgment is against the weight of the evidence. A careful examination of the evidence has convinced us that the trial court was amply justified in holding the defendant guilty of a violation of said

section of the Sanitary Code, which has been duly made and constituted an ordinance of the city of New York.

The defendant, appellant, further contends that the sentence and judgment imposed upon it was erroneous and insists that punishment for a violation of an ordinance of the city cannot exceed a fine of ten dollars or ten days' imprisonment, or both. I think such contention is without merit.    By section 1172 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1904, chap. 628) it is provided that " Any violation of said Sanitary Code shall be treated and punished as a misdemeanor."    A similar provision appears in section 1222 of said charter, and by section 1262 of the charter it is declared that a willful violation of any order or regulation of the board of health is a misdemeanor, and that the person guilty thereof shall be liable to indictment and punishment as for a misdemeanor.    By virtue of these provisions of the Greater New York charter there can be no doubt as to what the Legislature intended.    The Sanitary Code, by section 1172 of the Greater New York charter, as amended by section 3 of chapter 628 of the Laws of 1904, became, on being duly filed as therein provided, a chapter of the Code of Ordinances of the City of New York, and it was subsequently designated by the board of aldermen, chapter 20, article 9, of the Code of Ordinances of the City of New York.    (See Code of Ordinances 1906, chap. 14, § 42; Code of Ordinances 1915, chap. 20, art. 9, § 163; Code of Ordinances 1916, chap. 20, art. 9, § 163.)    The Sanitary Code itself contains no provisions prescribing the punishment for such a violation.    If it did and there had been a conviction thereunder, other points might require consideration, but even then a prior conviction and fine in a prosecution by the department of health might not bar a criminal prosecution by the state, which this is.    (See Code Crim. Proc., § 6; Fougera & Co. v. City of New York, 224 N. Y. 269; People v. Hewson, id. 136; People v. Snyder, 90 App. Div. 422; Polinsky v. People, 73 N. Y. 65; City of New York

v. Alhambra Theatre Co., 136 App. Div. 509; State v. Lee, 29 Minn. 445.) But section 10 of chapter 27 of the Code of Ordinances provides that whenever in any chapter of this ordinance no specific punishment is provided for the violation of a provision thereof, the punishment, upon conviction for such violation, shall be a fine of not more than ten dollars or imprisonment for not exceeding ten days, or both. Appellant contends that said section prescribes and limits the punishment for the violation of which defendant was convicted. There is no merit in that contention, for, manifestly, said section relates to the Code of Ordinances enacted by the board of aldermen and not to the provisions of the chapter embracing the Sanitary Code which were enacted and are amendable only by the board of health (see People ex rel. Knoblauch v. Warden, etc., 216 N. Y. 154), and, as before stated, it is expressly provided in sections 1172 and 1222 of the charter of Greater New York that any violation of the Sanitary Code shall be treated and punished as a misdemeanor, and by section 1262 thereof that a willful violation of any order of the board of health is a misdemeanor, and that any person guilty thereof shall be liable to indictment and punishment as for a misdemeanor. It is quite clear that these statutory provisions remain unaffected by the incorporation of the Sanitary Code into the Code of Ordinances of the City of New York as a chapter thereof.

By section 1740 of the Penal Law, article 166, relative to public health, it is provided:

" 1. A person who wilfully violates or refuses or omits to comply with any lawful order or regulation prescribed by any local board of health or local health officer, is guilty of a misdemeanor.

" 2. A person who wilfully violates any provision of the health laws, or any regulation lawfully made or established by any public officer or board under authority of the health laws the punishment for violating which is not otherwise prescribed by those laws, or by this chapter, is punished by

imprisonment not exceeding one year, or by a fine not exceeding two thousand dollars or by both."

By section 1937 of the Penal Law it is provided that a person convicted of a crime declared ·to be a misdemeanor, for which no other punishment is specially prescribed by such act, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail for not more than one year or by a fine of not more than $500, or by both.

It would, therefore, seem that the defendant, having been found guilty of a violation of section 163 of the Sanitary Code adopted by the board of health of the department of health of the city of New York, was guilty of a misdemeanor, and that the judgment imposed for the commission of such misdemeanor in the case at bar was one authorized by the provisions of the Penal Law.

The defendant, appellant, also assails the constitutionality of section 163 of the Sanitary Code as unreasonable and, therefore, objectionable and unconstitutional.    It is the contention of the appellant that the board of health was without power to classify all human food as meat, vegetables or milk, and the appellant insists that candy is neither meat nor vegetables nor milk, and that it is unreasonable for the ordinance to make anything a vegetable that is not naturally or reasonably such, and that the blanket provision of the section that " the term ' vegetables ' shall include any product, substance, or article used as and for human food other than milk or meat," was unreasonable.    It seems to me there is no force in defendant's contention.    In the first place, the chief ingredient of candy is sugar, a substance derived from vegetable sources, and the flavors, nuts and other constituents of candy certainly have a like origin.    The classification of goods provided by section 163 is an entirely convenient and proper one.    This provision of the Sanitary Code was in the interest of insuring proper and wholesome food and its enactment was, I think, well within

the police power of the enacting body. The facts of the case at bar seem fully to have justified its enactment. If offenders and violators of section 163 could escape by the mere payment of a fine of ten dollars or the service of a jail sentence of ten days, it might not prove at all unprofitable to violate the law.

I think the fine imposed was, under the circumstances, a lenient one, and, for the reasons stated, that the judgment of conviction should be affirmed.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Judgment affirmed.