THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ALBERT E. DONNELLY, Respondent.

Second Department, October 28, 1921.

Workmen's Compensation Law — failure to secure compensation to employee — punishment prescribed by Workmen's Compensation Law — employer cannot be punished under Penal Law, § 1937.

The failure of an employer to secure compensation to an employee as provided in section 50 of the Workmen's Compensation Law constitutes a misdemeanor under section 52 of said law, the only penalty for which is prescribed by the statute, viz., deprivation of the employer's common-law defenses in an action under section 11 of the law which the employee is permitted to bring in the event his employer fails to obtain compensation, and the monetary penalties recoverable under section 50 of the law, and he cannot be punished under section 1937 of the Penal Law which prescribes the punishment for a misdemeanor where none is fixed by statute.

JAYCOX, J., and BLACKMAR, P. J., dissent, with opinion.

Appeal by the plaintiff, The People of the State of New York, from an order of the Court of Special Sessions of the City of New York, entered in the office of the clerk of said court on the 18th day of March, 1921, granting defendant's motion in arrest of a judgment convicting him of a violation of section 52 of the Workmen's Compensation Law.

*Harry G. Anderson, Assistant District Attorney* [*Harry E. Lewis, District Attorney,* and *Floyd H. Wilmot, Assistant Counsel Workmen's Compensation Commission,* with him on the brief], for the appellant.

*William G. Cooke,* for the respondent.

Rich, J.:

The respondent was charged in the information with the crime of failure to secure compensation to an employee, in that on October 5, 1918, being an employer of labor, engaged in the business of painting, a hazardous employment, as defined in group 42 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1918, chap. 634), he failed to secure compensation to an employee.

It was conceded at the trial that the respondent carried no compensation at the time the employee was injured. The employee instituted an action against the respondent and recovered judgment for $2,000. At the close of the trial the court denied defendant's motion to dismiss the information and found the respondent guilty, but made an order arresting judgment. This appeal is from that order.

The law as it was enacted in 1914 provided (§ 52) that failure to secure the payment of compensation should have the effect of enabling the injured employee or his dependents in the event of his death, to maintain an action for damages in the courts, as provided in section 11 of the act. By chapter 622 of the Laws of 1916, section 52 was amended so as to provide as follows:

" § 52. Effect of failure to secure compensation. Failure to secure the payment of compensation shall constitute a misdemeanor and have the effect of enabling the injured employee, or in case of death, his dependents or legal representatives, to maintain an action for damages in the courts, as prescribed by section eleven of this chapter."

· The penalty originally prescribed by section 50 for failure to secure compensation was one dollar for each employee for every day during which the failure continued. This section was later amended to provide a penalty of an amount equal to the *pro rata* premium which would have been payable for insurance in the State fund, for the period of non-compliance. (See § 50, as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705.) The employee's alternative remedy (§ 11) also provided that in the event of the employer's failure to secure the payment of compensation, the employee, or his legal representative in case death resulted from the injury, might elect to maintain an action for damages in the courts, in which action the employer would be precluded from pleading as a defense that the injury was caused by the negligence of a fellow-servant or that the employee assumed the risk of his employment or that the injury was due to contributory negligence. By amendment of said section 11 it was also provided that it should not be necessary for the plaintiff to plead or prove freedom from contributory negligence in addition to depriving the employer of the defenses aforesaid. (See Laws of 1914, chap. 316; Laws of 1916, chap. 622.)

It is respondent's contention that inasmuch as the words contained in section 52, " shall constitute a misdemeanor and have the effect," etc., show that the Legislature's purpose was simply to further describe and denounce the act, for which the employer was penalized by being deprived of his common-law defenses, that the use of the expression " shall have the effect," in connection with the granting to the employee of a purely civil remedy, is incompatible with the idea that the misdemeanor referred to was one to be punished under section 1937 of the Penal Law. It is also urged by respondent that judgment was properly arrested because no violation of the statute was alleged or proved. The district attorney maintains that the information properly and sufficiently charged the respondent with failing to secure compensation, a misdemeanor under section 52, an offense which the trial court had jurisdiction to try, and inasmuch as the section fixes no punishment, the punishment therefor must be found in section 1937 of the Penal Law.

*People* v. *Stevens* (13 Wend. 341, 342) enunciates the

principle that where a statute creates a new offense by making an act unlawful which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced. In that case Mr. Justice SUTHERLAND, writing for the court, pointed out that the Legislature had seen fit to declare in the act under consideration that " all offences against the provisions of this title shall be deemed misdemeanors, punishable by fine and imprisonment." In that case, although the defendant had been sued by the overseers of the poor, and the penalty prescribed by the statute recovered from him, it was held that the defendant was in addition properly indicted and fined. (See 1 R. S. 680, §§ 15, 16; Id. 681, § 19; Id. 682, § 25.) In the instant case, however, the statute (§ 52, as amd. *supra*) provides that failure to secure the payment of compensation " shall *constitute a misdemeanor and have the effect of* " enabling the injured employee, or in case of death, his dependents or legal representatives, to maintain action for damages in the courts, as prescribed by section 11 of the act. The distinction is obvious. The present statute does not provide, as it did in the *Stevens* case, that the penalty shall be fine and imprisonment, in addition to the deprivation of the employer's ordinary common-law defenses in an action by the employee, and as a penalty, an amount equal to the *pro rata* premium which would have been payable for insurance in the State fund for such period of non-compliance. (§ 50, as amd. *supra*.) While it terms the act a " misdemeanor," the language immediately following to which it is connected by the conjunction " and," without punctuation, indicates, I think, that the failure to secure compensation shall have the effect of enabling the injured employee to maintain his action for damages as provided in section 11 of the act, which section penalizes the employer to the extent of depriving him of his common-law defenses. The statute created an offense which was not such at common law; and the legislative intent was to term it a misdemeanor and prescribe the penalties, viz., deprivation of the employer's common-law defenses in the action which the employee is permitted to bring in the event his employer fails to secure compensation, and the monetary penalties recoverable under section 50.

The authorities cited by the district attorney are distinguishable. The *Stevens* case was one where the statute prescribed a penalty, but also expressly authorized " fine and imprisonment; " in *Behan* v. *People* (17 N. Y. 516) the act complained of was unlawful prior to the statute; in *People* v. *Meakim* (133 id. 214) no penalty was prescribed by the statute.

It follows, therefore, that the order must be affirmed.

MILLS and MANNING, JJ., concur; JAYCOX, J., reads for reversal, with whom BLACKMAR, P. J., concurs.

JAYCOX, J. (dissenting):

I cannot concur in the decision about to be handed down. The statement of facts contained in the prevailing opinion is sufficient to indicate the question presented. That question, presented in its narrowest compass, is, does section 52 of the Workmen's Compensation Law make the failure of an employer to secure compensation a misdemeanor punishable under section 1937 of the Penal Law. Prior to the enactment of chapter 622 of the Laws of 1916, section 52 of the Workmen's Compensation Law read as follows:

" § 52. Effect of failure to secure compensation. Failure to secure the payment of compensation shall have the effect of enabling the injured employee or his dependents to maintain an action for damages in the courts, as prescribed by section eleven of this chapter."

By said chapter this section was amended to read as follows:

" § 52. Effect of failure to secure compensation. Failure to secure the payment of compensation shall constitute a misdemeanor and have the effect of enabling the injured employee, or in case of death, his dependents or legal representatives, to maintain an action for damages in the courts, as prescribed by section eleven of this chapter."

The principal change made in this section was to declare that the failure to secure compensation should constitute a misdemeanor. By this amendment I think the Legislature intended to make some change in the law upon this subject. I cannot believe that this amendment was inserted in the statute for the mere purpose of denouncing the act for which

it had previously prescribed penalties. If a change was intended, then the only change possible was to make the act complained of a misdemeanor punishable under section 1937 of the Penal Law. In *Behan* v. *People* (17 N. Y. 516) it was held that the construction of a statute imposing penalties was merely a question of legislative intent. In that case the act under consideration was chapter 628 of the Laws of 1857. Section 13 of that act provided: " Whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit fifty dollars for each offence." Nowhere in the statute is such a sale declared to be a misdemeanor. Notwithstanding this fact the court held that it was the legislative intent to make that offense a misdemeanor. It came to this conclusion by reason of the fact that previous acts upon the subject had so declared, and by reason of the fact that in the act violations of the act were spoken of as " offences," and it concluded that it was the legislative policy to continue such acts as misdemeanors notwithstanding the omission so to declare. The court arrived at this conclusion notwithstanding the fact that some other violations of the statute were expressly declared to be misdemeanors. The comment on this case in the prevailing opinion is that the act complained of was unlawful prior to the statute. This is true, but it was made unlawful by statute. There is, however, authority for holding that where a penalty is prescribed by statute which makes criminal an act which theretofore was not criminal, an offender is liable both to the penalty and to the criminal punishment, notwithstanding there is no express declaration making these forms of punishment cumulative. In *Rex* v. *Gregory* (5 Barn. & Adol. 555) it was held that an act declaring a building erected within ten feet of a public street a common nuisance and providing for a summary proceeding by which the offender was to be brought before two justices of the peace, who might convict the person so offending and make such order for the removal of such erection or building as to such justices shall seem proper, permitted both forms of punishment, to wit, the order directing the removal and a fine or imprisonment for maintaining a common nuisance. (See 26 Geo. III, chap.

131, § 34; 3 Geo. IV, chap. cxii, §§ 126, 128.) This is very closely analogous to the statute under consideration, because the statute here provides for a penalty equal in amount to the *pro rata* premium which would have been payable for insurance in the State fund for the period of non-compliance and deprives the employer in case of accident of several defenses available at common law. (See §§ 11, 50, 52, as amd. by Laws of 1916, chap. 622; Id. § 50, as amd. by Laws of 1917, chap. 705.)

The Legislature, I think, intended to impose some punishment upon a person offending against the statute, but if the prevailing opinion in this case is correct, it signally failed to accomplish its purpose. It declared the failure to secure compensation a misdemeanor, but as long as no accident occurred the only penalty that could be inflicted would be the recovery of an amount equal to the amount the employer would have paid for insurance in the State fund for the period of non-compliance. This penalty is to be recovered in an action brought by the Commission and the Commission is authorized for good cause shown to remit this penalty. What shall constitute good cause rests entirely in the discretion of the Commission. Therefore, we have this curious anomaly — that a person may be guilty of a misdemeanor and his liability to punishment rests in the discretion of some governmental body. This is contrary to the spirit of our laws and the ordinary methods prescribed for their enforcement. It is true that the violation of a statute which prohibits the doing of certain acts is a misdemeanor, and if this statute had remained in its original form I think the contention of the respondent herein would be correct. The punishment would be limited to the penalties prescribed in the statute. When, however, the Legislature added to the statute the declaration that the act denounced constituted a misdemeanor, I think it intended to subject an offender to the general punishment for misdemeanors prescribed in section 1937 of the Penal Law in addition to the penalties theretofore imposed.

The order appealed from should be reversed.

BLACKMAR, P. J., concurs.

Order of the Court of Special Sessions affirmed.